UNITED STATES DISTRICT COURT
SOUTHISN DISTRICT OF FLORIDA

CIVIL DIVISION

CASE NO.: 25-cv-22162-BB

DEMOREE HADLEY,

     Plaintiffs,

v.

DESIREE PEREZ, ROC NATION,
ICONIC CREATIVE, LLC
DANIEL BOBER, NATALIE ANDERSON,
SIG 9, LLC, JAMES FONDO,
STEVEN CADY, JESSICA CADY,
SOUTH BROWARD HOSPITAL DISTRICT,
ODYSSEY BEHAVIORAL HEALTHCARE,
LIFESKILLS SOUTH FLORIDA
OUTPATIENT, LLC, BROWARD COUNTY
SHERIFF'S OFFICE, JORDAN DENIS,
JOSEPH REYES, RACHEL BERSTEIN,
CTS RESEARCH, INC.

     Defendants.     /

**MOTION TO STRIKE ROC NATION'S NOTICE OF
FILING DECLARATION IN SUPPORT OF MOTION
REGARDING EXTRAJUDICIAL STATEMENTS**

Plaintiff, Demoree Hadley ("Demoree"), moves to strike Defendant ROC Nation's *Notice of Filing Declaration in Support of Motion Regarding Extrajudicial Statements*, [D.E. 73], and the attached affidavit of James Hunt.  Demoree states the following in support thereof:

**MEMORANDUM OF LAW**

On June 3, 2025, ROC Nation filed an *Expedited Motion for Special Order Regarding Extrajudicial Statements* ("the Motion"),[1] seeking to prohibit Demoree from making public

---

[1] See [D.E. 50].

statements about Desiree Perez—the part-owner and CEO of ROC Nation, who is also Demoree's mother.  On June 6, 2025, Demoree filed a response in opposition[2] to the Motion, arguing that Desiree used the internet to publicly and intentionally harm Demoree's reputation.  Demoree contended that the First Amendment allows her to defend herself on social media – the most important place to exchange protected speech.  See [D.E. 70, pg. 2], citing *Packingham v. North Carolina*, 582 U.S. 98, 107 (2017).

Demoree's response in opposition showed that Desiree clearly used tabloid media, fake social media accounts, and social media brand managers to destroy Demoree's character and reputation.  Demoree specifically referenced the similarities between a Google Drive used by Desiree and a Google Drive used by Heather Wilson – the owner of a social media brand management firm.  [D.E. 70, pgs. 10-16].  Demoree predicted in her response in opposition that Desiree and ROC Nation would inevitably deny any association with Heather Wilson.  Demoree asked the Court, "[w]hen they do, the Court should subpoena Heather Wilson as a witness, require Desiree to testify in open court, and allow counsel to do a reverse trace on the email 'twosidestoeverystory123@gmail.com' before ruling on ROC Nation's motion for gag-order." *Id*. at 16.

On June 8, 2025, ROC Nation filed a reply to Demoree's response in opposition.  ROC Nation's reply specifically denied any involvement with Heather Wilson or her company.  At that point, the parties completed all briefings allowed by the local rules, *i.e.* motion, response, reply.

---

[2] Demoree filed her response in opposition to the motion on June 6, 2025.  [D.E. 67].  On June 7, 2025, Demoree filed a motion to amend/correct the response in opposition, which the Court granted on June 8, 2025.  See [D.E. 68, 69].  Demoree filed the amended response in opposition immediately thereafter.  [D.E. 70].

Nevertheless, on June 9, 2025, ROC Nation hired James Hunt—a private investigator and former NYPD officer and DEA agent—to obtain an affidavit from Heather Wilson. James Hunt flew to Arkansas and asked Mrs. Wilson to sign an affidavit, affirming that she "ha[d] not been hired by or requested by any person or company to publish any of the information" she posted about Demoree. [D.E. 73]. Mrs. Hunt flat out refused. *Id*.

Still, on June 10, 2025, ROC Nation filed a *Notice of Filing Declaration in Support of Motion Regarding Extrajudicial Statements*, see [D.E. 73], which included a sworn affidavit by James Hunt, recounting his conversation with Mrs. Wilson.

## ARGUMENT

Local Rule 7.1(c)(1) of the Southern District of Florida only allows the parties to file a motion, response in opposition, and reply on any issue before the Court. Rule 7.1(c)(1) specifically states, "All materials in support of any motion, response, or reply, *including affidavits and declarations*, shall be served with the filing." (emphasis added). Therefore, when ROC Nation filed its reply on Sunday, June 8, 2025 – the same day Demoree filed her response – it was required to include all affidavits and declarations. Accordingly, ROC Nation's notice of filing Mr. Hunt's affidavit on June 10, 2025, is untimely and should be stricken.

Furthermore, with all due respect to Mr. Hunt and his impressive record serving our community, his conversation with Mrs. Wilson was neither under oath nor under penalty of perjury. Therefore, in addition to being untimely, his affidavit is pointless. If ROC Nation really wanted to present sworn testimony that Desiree Perez "never hired or requested any person or company to publish any information about Demoree," then their lawyers could have easily walked into the part-owner and CEO's office and **presented her with a sworn affidavit to sign.** ROC Nation deliberately chose not to do so. Therefore, unless Desiree Perez swears to the fact that she "never

hired or requested a person or company to publish information about Demoree," then this Court should not accept Desiree and ROC Nation's round-about attempt to deny Desiree's obvious involvement in the online character assassination of Demoree.

## CONCLUSION

For the reasons stated above, Plaintiff, Demoree Hadley, respectfully requests this Honorable Court to strike ROC Nation's Notice of Filing Declaration in Support of Motion Regarding Extrajudicial Statements and James Hunt's Affidavit.

Respectfully Submitted,

NAPOLEON LAW FIRM
Hilton Napoleon, II, Esq., FBN 17593
2525 Ponce de Leon Blvd., Suite 300
Coral Gables, FL 33134
Ph:     (305) 510-7106
hilton@napoleonfirm.com
www.napoleonfirm.com

Counsel for Defendant, Demoree Hadley

By:   /s/ *Hilton Napoleon, II*
          Hilton Napoleon, II

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of June 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which served the parties who are currently on the list to receive e-mail notice/service for this case, and that I served all counsel or parties who are not authorized to receive electronically Notices of Electronic Filing in some other authorized manner, if applicable.

By: */s/ Hilton Napoleon, II*
          Hilton Napoleon, II

4

## **CERTIFICATE OF GOOD FAITH CONFERRAL**

In accordance with Local Rule 88.9, the undersigned hereby certifies that, prior to filing this motion, he attempted to conferred with both counsels for ROC Nation via telephone on June 11, 2025, at 4:48 p.m.  Undersigned counsel was told that both counsels for ROC Nation were in a meeting.  Therefore, due to the expedited nature of the filings, and the possibility of an impending ruling from the Court, Plaintiff's counsel was unable to conferral with opposing counsel.

By: */s/ Hilton Napoleon, II*
Hilton Napoleon, II