UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-cv-22162-BLOOM/LOUIS

DEMOREE HADLEY,

     Plaintiff,

v.

DESIREE PEREZ, ROC NATION,
ICONIC CREATIVE, LLC
DANIEL BOBER, NATALIE ANDERSON,
SIG 9, LLC, JAMES FONDO,
STEVEN CADY, JESSICA CADY,
SOUTH BROWARD HOSPITAL
DISTRICT, ODYSSEY BEHAVIORAL
HEALTHCARE, LIFESKILLS SOUTH
FLORIDA OUTPATIENT, LLC,
BROWARD COUNTY SHERRIF'S
OFFICE, JORDAN DENIS, JOSEPH REYES,
RACHEL BERNSTEIN, CTS RESEARCH, INC.

     Defendants.

_____/

**DEFENDANT ROC NATION'S RESPONSE TO PLAINTIFF'S MOTION
TO STRIKE ROC NATION'S NOTICE OF FILING DECLARATION IN
SUPPORT OF ITS MOTION REGARDING EXTRAJUDICIAL STATEMENTS**

Defendant Roc Nation LLC ("Roc Nation"), by and through its undersigned counsel, hereby files its Response to Plaintiff Demoree Hadley's Motion to Strike Roc Nation's Notice of Filing Declaration in Support of Motion Regarding Extrajudicial Statements (ECF No. 73).

Roc Nation acknowledges that the docket sheet now reflects several entries related to its pending Expedited Motion for a Special Order Regarding Extrajudicial Statements (ECF Nos. 50-52, 64, 66 - 71,73, 75, 76), and will therefore keep this Response brief.  In the Motion to Strike, Plaintiff faults Roc Nation for filing a private investigator's declaration after filing its Reply, emphasizing that the Reply was filed the same day as Plaintiff's Response.  ECF No. 75 at p. 3.

The implication is that Roc Nation should and could have waited to file its Reply, and that the Local Rules required the Declaration to be filed along with it.  The practical reality is that Roc Nation filed an expedited motion pursuant to Local Rule 7.1(d), and understood that the Court could rule at any moment.  Thus, Roc Nation felt a near-immediate reply brief was necessary and appropriate.

Roc Nation believes it is imperative to advise the Court when false or misleading information has been presented.  That sentiment informed Roc Nation's decision to hire a private investigator to interview Heather Wilson-Vinson, the owner of a digital marketing firm in Arkansas, after her name was referenced in Plaintiff's Response to Roc Nation's Motion for a Special Order Regarding Extrajudicial Statements (ECF. Nos. 67, 70).  Neither Roc Nation or its Chief Executive Officer recognized Ms. Wilson's name, nor had they hired her for any digital marketing or social media work.  Nonetheless, Plaintiff falsely suggested that Roc Nation and its Chief Executive Officer were also guilty of making or soliciting extrajudicial statements, and suggested Roc Nation hired Ms. Wilson to post comments online related to the NBC 6 news story. (ECF No. 70, 13-17).  Without any actual proof, Plaintiff invited the Court to infer a connection between Roc Nation and Ms. Wilson with a cryptic comparison of file titles and Google Drive contents.  Plaintiff tacitly admitted her "evidence" was speculative, at best, and therefore put the onus on the Court to help prove her theory.  Indeed, Plaintiff suggested that if Roc Nation denied the connection, that "the Court should subpoena Heather Wilson as a witness, require Desiree to testify in open court, and allow counsel to do a reverse trace on the email 'twosidestoeverystory123@gmail.com' before ruling on ROC Nation's motion for gag-order." ECF No. 70 at p. 16.

Roc Nation chose a more expedient approach, without shifting the onus to the Court, by hiring a private investigator to interview Ms. Wilson.  Ms. Wilson confirmed that she wasn't hired by Roc Nation or anyone else, and was writing about the case as a concerned citizen "that does not like liars or abusers."  ECF No. 73 at p. 4.  After Ms. Wilson flatly rejected Plaintiff's allegation that Roc Nation hired her to make extrajudicial comments, the Plaintiff could have abandoned her false narrative, but chose instead to deflect and shift the Court's attention to the private investigator.  Specifically, Plaintiff complains that Ms. Wilson wasn't under oath, and subject to penalty of perjury, when the investigator spoke to her.  ECF No. 75 at pp. 3-4.  She also complains that Roc Nation's investigator should have submitted a sworn declaration from Wilson to disprove Plaintiff's false allegation.[1]  *Id.*

Plaintiff's arguments are hollow and do not support a motion to strike to the private investigator's declaration.  Roc Nation was wrongfully accused of making extrajudicial statements, the exact conduct it asked the Court to prohibit, and was forced to "prove a negative."  Roc Nation did so rapidly, with the private investigator locating and speaking to Ms. Wilson just *three days* after Plaintiff mentioned her unfamiliar name in her Response.  ECF No. 66.  Under those circumstances, Plaintiff's arguments that Roc Nation violated Local Rule 7.1(c)(1), or intentionally "sandbagged" Plaintiff, should be rejected.  Likewise, the Plaintiff's misguided critiques of the private investigator's techniques do not support a motion to strike.  If anything, the critiques are offered to distract the Court from the real issue: that Plaintiff was caught making a false and unsupported allegation on the record.

---

[1]  Plaintiff also stated that the private investigator travelled to Arkansas to interview Wilson, and that Wilson refused to sign a declaration.  Neither of these statements are true and Plaintiff offered no proof to support them.  In truth and in fact, the Declarant investigator did not travel to Arkansas, and Ms. Wilson did not refuse the Declarant's request to sign a declaration.

3

Dated: June 13, 2025

Respectfully submitted,

**STUMPHAUZER KOLAYA
NADLER & SLOMAN, PLLC**
2 South Biscayne Boulevard, Suite 1600
Miami, Florida 33131
T: (305) 614-1400; F: (305) 614-1425

*/s/ Ryan K. Stumphauzer*
Ryan K. Stumphauzer (FBN: 12176)
rstumphauzer@sknlaw.com
Timothy A. Kolaya (FBN: 056140)
tkolaya@sknlaw.com

*Counsel for Defendant Roc Nation LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on June 13, 2025, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Ryan K. Stumphauzer*
Ryan K. Stumphauzer