**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 25-cv-22162-BLOOM/Louis**

DEMOREE HADLEY,

    Plaintiff,

v.

DESIREE PEREZ, ROC NATION, ICONIC CREATIVE, LLC,
DANIEL BOBER, NATALIE ANDERSON, SIG 9, LLC, JAMES FONDO,
STEVEN CADY, JESSICA CADY, SOUTH BROWARD HOSPITAL DISTRICT,
ODYSSEY BEHAVIORAL HEALTHCARE, LIFE SKILLS SOUTH FLORIDA
OUTPATIENT, LLC, BROWARD COUNTY SHERIFF'S OFFICE, JOHN DOE, #1,
JOHN DOE, #2, and RACHEL BERNSTEIN,

    Defendants.

_____/

**ORDER ON EXPEDITED MOTION FOR SPECIAL ORDER**
**REGARDING EXTRAJUDICIAL STATEMENTS**

**THIS CAUSE** is before the Court upon Defendants Roc Nation LLC ("ROC Nation"),

Jessica Cady, Steven Cady, James Fondo, Sig 9, LLC, Iconic Creative, LLC, CTS Research, Inc.

("CTS Research"), and Rachel Bernstein's[1] (collectively "Defendants") Expedited Motion for

Special Order Regarding Extrajudicial Statements ("Expedited Motion"), ECF No. [50].[2] Plaintiff

Demoree Hadley ("Plaintiff") filed a Response in Opposition, ("Response"), ECF No. [70], to

which ROC Nation filed a Reply, ECF No. [71]. Thereafter, ROC Nation filed a Declaration in

Support of the Expedited Motion, ECF No. [73]. Plaintiff filed a Motion to Strike the Declaration

("Motion to Strike"), ECF No. [75]. ROC Nation filed a Response in Opposition to the Motion to

Strike, ECF No. [81], to which Plaintiff filed a Reply, ECF No. [95].

---

[1] Defendants Jessica Cady, Steven Cady, James Fondo, Sig 9, LLC, CTS Research, Inc., Iconic Creative, LLC, and Rachel Bernstein adopt the position set forth in the Expedited Motion. ECF Nos. [66], [82], [83], [94].

[2] Supplements to the Expedited Motion were filed at ECF Nos. [64], [76], [104], [105], [107], and [108].

The Court has carefully reviewed the Motions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons discussed below, the Motions are granted.

## I.   BACKGROUND

The Amended Complaint alleges that Defendant Desiree Perez ("Perez") created an enterprise of individuals to "tear apart" Plaintiff and her husband, Javon Hadley ("Hadley"). ECF No. [49] at ¶ 27-28. Plaintiff contends that Perez used unlawful means to have Hadley falsely arrested on three occasions and Plaintiff falsely detained under Florida's Baker Act and Marchman Act statutes. *Id.* at ¶ 28. Plaintiff asserts twenty-five claims against Defendants. ECF No. [49].

In the Expedited Motion, Defendants raise two issues. First, Defendants contend that Plaintiff and Plaintiff's counsel appeared on NBC 6 South Florida, during which they discussed facts of the case, made comments about parties and potential witnesses, and provided commentary about the strength and merits of the case. ECF No. [50] at 3. Further, Defendants assert that Plaintiff has used her social media platform to encourage her followers, and the public at large, to take action against Defendants and key witnesses in the case. *Id.* at 5; *see also* ECF Nos. [64-1], [104-1], [107]. Defendants contend that Plaintiff's extrajudicial statements not only undermine the administration of justice and the integrity of trial but increase the likelihood that witnesses and parties are intimidated, harassed, or even physically harmed. *Id.* at 10.

Plaintiff responds that Plaintiff's extrajudicial statements are in response to Perez's own actions on public platforms, and Perez circulated false allegations to Plaintiff's friends and family using fake social media accounts. ECF No. [70]. Plaintiff argues that many of the social media accounts are run by Perez and her team, or that they hired someone to create the accounts. *Id.* at 12. Specifically, Plaintiff includes screenshots from an online interaction between Plaintiff and Heather Wilson-Vinson ("Wilson"), whom Plaintiff claims has ties to Perez and ROC Nation. *Id.* at 13-17. Defendants reply that the Response incorrectly focuses on Perez's actions and ignores

the proposition that the proposed order would apply to all parties. ECF No. [71] at 2. Defendants further assert that neither ROC Nation nor Perez know Wilson, and never hired her for any campaign. *Id.* at 3-4.

ROC Nation filed a Declaration by James Hunt ("Hunt"), a private investigator who was retained to locate Wilson and inquire about whether Wilson was hired to publish social media posts about Plaintiff. ECF No. [73] at 3. Hunt attested that Wilson declined to be interviewed but communicated "that she merely is a concerned citizen who has not been hired by or requested by any person or company to publish any information that she has published regarding Plaintiff or this case." *Id.* at 4. Plaintiff moves to strike the Declaration as untimely, because ROC Nation filed the Declaration days after filing its Reply. ECF No. [75] at 3. ROC Nation responds that it filed the Reply on the same day that the Response was filed because of the expedited nature of its initial Motion. ECF No. [81] at 2. Further, ROC Nation contends that because Plaintiff suggested that ROC Nation hired Wilson to post comments online, it "believes it is imperative to advise the Court when false or misleading information has been presented." *Id.* Plaintiff replies with a separate example of "direct evidence" and argues that the Court should not entertain Defendants' frivolous attempt to silence Plaintiff for something Perez "(1) started; (2) is actively engaged in; (3) is misrepresenting to the Court; and (4) is trying to cover up." ECF No. [95] at 5.

## II.   DISCUSSION

### A.  Extrajudicial Statements[3]

Local Rule 77.2 provides that:

---

[3] Regarding the on-air appearance on NBC 6 South Florida, Defendants represent that Plaintiff's counsel "has agreed to refrain from making extrajudicial statements pursuant to the local rule[.]" ECF No. [50] at 12. Plaintiff does not address this issue. *Melford v. Kahane & Assocs.*, 371 F. Supp. 3d 1116, 1126 n.4 (S.D. Fla. 2019) ("Generally, a litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point. The court will not do his research for him.") (internal quotations and citation omitted).

A lawyer or law firm associated with a civil action shall not during its investigation or litigation make or participate in making an extrajudicial statement, other than a quotation from or reference to public records, which a reasonable person would expect to be disseminated by means of public communication if there is a *reasonable likelihood* that such dissemination will interfere with a fair trial and which relates to:

(1) Evidence regarding the occurrence or transaction involved.
(2) The character, credibility, or criminal record of a party, witness, or prospective witness.
(3) The performance or results of any examinations or tests or the refusal or failure of a party to submit to such.
(4) The lawyer's opinion as to the merits of the claims or defenses of a party, except as required by law or administrative rule.

S.D. Fla. L.R. 77.2(g) (emphasis added). "On its face, satisfying the Local Rule requires that a lawyer or law firm satisfy one of [the] subparts . . . as well as the predicate language, i.e., that there is a 'reasonable likelihood that such dissemination will interfere with a fair trial.'" *D.L. v. Slattery*, No. 10–61902–CIV, 2011 WL 1303167, at *4 (S.D. Fla. Mar. 31, 2011) (quoting S.D. Fla. L.R. 77.2(g)).

Similarly, Florida Bar Rule 4-3.6(a) states:

A lawyer shall not make an extrajudicial statement that a reasonable person would expect to be disseminated by means of public communication if the lawyer knows or reasonably should know that it will have a substantial likelihood of materially prejudicing an adjudicative proceeding due to its creation of an imminent and substantial detrimental effect on that proceeding.

Although Plaintiff herself is not bound to the rules governing attorneys, "the Supreme Court has recognized the Court's power to proscribe 'extrajudicial statements by any lawyer, party, witness, or court official which divulged prejudicial matters.'" *Adams v. Lab'y Corp. of Am.*, No. 1:10–cv–3309–WSD., 2014 WL 7336697, at *3 (N.D. Ga. Dec. 22, 2014) (quoting *Sheppard v. Maxwell*, 384 U.S. 333, 361 (1966)). However, an order restricting counsel, parties, and their

---

Nevertheless, counsel is advised that the Court will strictly enforce Local Rule 77.2(g), and that "[v]iolations of the Rule will subject offending counsel to the institution of contempt proceedings by this Court." *Rossbach v. Rundle*, 128 F. Supp. 2d 1348, 1355 (S.D. Fla. 2000).

representatives from making extrajudicial statements is an "extreme remedy . . . reserved for only the most notorious of cases, where the potential for pretrial publicity impacting upon the right to a fair trial is great." *Rossbach v. Rundle*, 128 F. Supp. 2d 1348, 1355 (S.D. Fla. 2000).

Defendants must also "demonstrate that the allegedly-harmful statements remain in active circulation, or have otherwise prejudiced or continue to prejudice the community against the defendant[.]" *Terry v. Carnival Corporation*, CASE NO. 13–20571–CIV–GRAHAM/GOODMAN, 2014 WL 11798519, at * 3 (S.D. Fla. Jan. 27, 2014); *see D.L.*, 2011 WL 1303167, at *5 (finding that, while "extrajudicial statements at issue are undoubtedly archived indefinitely in an online digital format, as are most news stories and press releases in this digital age," defendants are still required to make "a sufficient showing that the statements remain in active circulation, or have prejudiced or continue to prejudice the community" against the defendants, "creating a reasonable likelihood that they cannot receive a fair trial").

Upon review of Plaintiff's various social media posts, the Court finds that the potential of Plaintiff's posts to impact Defendants' right to a fair trial is great. As recognized by the parties, Plaintiff's social media activity has consistently garnered thousands of views on multiple platforms. *See* ECF Nos. [50], [104-1]. Most concerning, though, is Plaintiff's posts containing photos of Defendants, witnesses, and other persons involved in this suit, encouraging her followers to "do [their] thing" and to make the posts "go viral." *Id.*; *see also* ECF Nos. [82], [107]. These postings may not only taint the jury pool but can incite acts of violence. *See Pete v. Cooper*, 1:24-cv-24228, slip op. at 2 (S.D. Fla. June 10, 2025) ("Defendant's posts have generated severely critical and derogatory comments about Plaintiff by Defendant's social media followers and could incite acts of violence. As such, further extrajudicial statements by Plaintiff and Defendant could taint the jury pool."). Accordingly, Defendants' Expedited Motion is granted.

### B. Motion to Strike

Plaintiff contends that ROC Nation's Declaration of Hunt is untimely and should be stricken, because ROC Nation filed Hunt's Declaration days after filing its Reply to the Expedited Motion. ECF No. [75] at 3. ROC Nation responds that it could have waited to file its Reply, but felt that a "near-immediate reply brief was necessary and appropriate" because "the Court could rule at any moment." ECF No. [81] at 2. Nevertheless, ROC Nation "believes it is imperative to advise the Court when false or misleading information has been presented." *Id.* at 2.[4]

Federal Rule of Civil Procedure 12(f) provides that "[t]court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "The purpose of a motion to strike is to clean up the pleadings, remove irrelevant or otherwise confusing materials, and avoid unnecessary forays into immaterial matters." *Blake v. Batmasian*, 318 F.R.D. 698, 700 (S.D. Fla. 2017). "[A] motion to strike will be granted only if the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Id.* at 700-01. However, a party "may not add pages or supplemental arguments once they have filed their response[.]" *Id.* at 703. Indeed, Local Rule 7.1(c)(1) states that after a reply memorandum is filed, "[n]o further or additional memoranda of law shall be filed and served without prior leave of Court. All materials in support of any motion, response, or reply, including affidavits and declarations, shall be served with the filing."

Here, ROC Nation did not seek leave of Court prior to filing its Declaration. Although the Court is cognizant of the expedited briefing of the Motion, the parties are reminded that strict adherence to the Federal Rules of Civil Procedure and Local Rules are required. Further, in its

---

[4] ROC Nation further "acknowledges that the docket sheet now reflects several entries related to its pending Expedited Motion[.]" ECF No. [81] at 1. Plaintiff seeks to strike only the Declaration, and thus, the Court treats the remaining Supplements as unopposed. *See Melford*, 371 F. Supp. 3d at 1126 n.4.

Reply, ROC Nation already addressed the issue of whether ROC Nation and Perez knew Wilson, which was the sole purpose of the Declaration. ECF No. [71] at 3-4. The Court finds that the Declaration is immaterial to the action. *See Blake*, 318 F.R.D. at 700 n.2 ("An allegation is immaterial if it has no value in developing the issues of the case." (citing *Oaks v. City of Fairhope, Ala.*, 515 F. Supp. 1004, 1032 (S.D. Ala. 1981))). Thus, the Motion to Strike is granted.

## III.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Expedited Motion for Special Order Regarding Extrajudicial Statements, **ECF No. [50]**, is **GRANTED**.

   a. No party or counsel for the parties shall give or authorize any extrajudicial statements or interviews relating to this case that a reasonable person would expect to be disseminated by means of public communication. Parties and counsel for parties must also refrain from giving or authorizing any extrajudicial statement to a media outlet, and likewise refrain from posting on social media or other public platforms, extrajudicial statements related to this action that are intended to influence public opinion regarding the merits of this case.

   b. Counsel are further directed to adhere to Southern District of Florida Local Rule 77.2 regarding the release of information in criminal or civil proceedings and extrajudicial statements or interviews, and Local Rule 11.1(c) which incorporates the Rules Regulating the Florida Bar 4-8.4(d), prohibiting conduct prejudicial to the administration of justice.

   c. Nothing in this Order should be construed to foreclose either party from responding to any subpoena or court order regarding matters related to this action.

    d.  Violations of this Order by either party or their counsel will subject the offender to contempt proceedings by this Court. This Order shall remain in force through the conclusion of the case, unless modified by the Court.

2.  Plaintiff's Motion to Strike, **ECF No. [75],** is **GRANTED**.

3.  Defendant ROC Nation's Declaration, **ECF No. [73]**, is **STRICKEN**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 25, 2025.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record

8