UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| DEMOREE HADLEY,<br><br>    Plaintiff,<br><br>v.<br><br>DESIREE PEREZ; ROC NATION; ICONIC CREATIVE, LLC; DANIEL BOBER; NATALIE ANDERSON; SIG 9, LLC; JAMES FONDO; STEVEN CADY; JESSICA CADY; SOUTH BROWARD HOSPITAL DISTRICT; ODYSSEY BEHAVIORAL HEALTHCARE; LIFESKILLS SOUTH FLORIDA OUTPATIENT, LLC; BROWARD COUNTY SHERIFF'S OFFICE; JORDAN DENIS; JOSEPH REYES; RACHEL BERSTEIN; and CTS RESEARCH, INC.,<br><br>    Defendants. | Case No. 1:25-cv-22162-BB |
| DESIREE PEREZ; OLGA ZAYAS; MILADYS GARCIA GONZALEZ; and DENISE MILAGROS GONZALEZ ESCRIBANO,<br><br>    Plaintiffs,<br><br>v.<br><br>JAVON HADLEY,<br><br>    Defendant. | Case No. 1:25-cv-21607-BB |

**REPORT AND RECOMMENDATION**

   **THIS CAUSE** is before the Court on Roc Nation's Motion for Order to Show Cause Why Plaintiff Should Not Be Ordered to Remove Social Media Postings and Not Be Held in Contempt of Court (ECF No. 113); Desiree Perez's Motion for Special Order Regarding Social Media Postings and Violation of Court Order (ECF No. 125); and certain Parties' Motion for Order to Show Cause Why Javon Hadley Should Not Be Ordered to Remove Social Media Postings and Not Be Held in Contempt of Court (ECF No. 138) (collectively, the "Motions"). The Honorable

1

Beth Bloom, United States District Judge, referred these Motions to the undersigned United States Magistrate Judge for a report and recommendation. (ECF No. 163).

On June 25, 2025, Judge Bloom entered a Special Order, which provided in part:

> No party or counsel for the parties shall give or authorize any extrajudicial statements or interviews relating to this case that a reasonable person would expect to be disseminated by means of public communication. Parties and counsel for parties must also refrain from giving or authorizing any extrajudicial statement to a media outlet, and likewise refrain from posting on social media or other public platforms, extrajudicial statements related to this action that are intended to influence public opinion regarding the merits of this case.

(ECF No. 112 at 7). The Motions at hand asserted that Demoree and Javon Hadley posted extrajudicial statements on social media after entry of Judge Bloom's Special Order.

I convened a hearing on July 31, 2025, at which Demoree and Javon Hadley were present in open court. Counsel for Mr. and Ms. Hadley acknowledged that his clients published a few social media posts after entry of the Special Order but argued that they published the posts before they were aware of the Special Order's existence and understood its restrictions.

At the hearing, I asked counsel for Mr. and Ms. Hadley whether he believed that the Special Order prohibits any party or counsel from instructing, asking, facilitating, or encouraging a third-party to publish extrajudicial statements about this case, and from providing a third-party with information in the hopes that they will publish an extrajudicial statement about this case. Counsel agreed that this is the proper interpretation of the Special Order. Given that all counsel agreed on the foregoing interpretation, I impressed upon Mr. and Ms. Hadley the conduct that the Special Order prohibits.

During the hearing, Mr. and Ms. Hadley voluntarily removed all social media posts that the Movants identified as posted in violation of the Order, except for one post on Ms. Hadley's X account. The Movants contemporaneously reviewed the social media accounts and confirmed that, except for the one post on X, all violative posts had been removed.

All parties represented to the Court that the X platform would not allow Ms. Hadley to remove the one remaining post with the click of a button[1] because the underlying video shared by the post is the subject of a copyright takedown notice. For this reason, the Parties have jointly proposed that the Court enter the Order attached hereto as **Exhibit 1**. I have reviewed the proposed order and confirmed that it does not purport to order any non-party beyond the Court's jurisdiction to take any action. I find that the proposed order is appropriate and will expedite the resolution of this collateral matter. Accordingly, I respectfully **RECOMMEND** that the Court enter the Parties' proposed order attached hereto as **Exhibit 1**.

Finally, on the matter of what sanctions to impose, if any: without Court intervention, the Parties resolved their dispute regarding the Movants' request for fees and costs incurred in bringing the Motions to compel compliance with the Court's Special Order. The Parties agreed that Mr. and Ms. Hadley jointly will pay a total amount of $2,500.00 to the appropriate trust account of Holland & Knight LLP, no later than ten months from now.

I respectfully **RECOMMEND** the following:

1. The Court enter the Parties' proposed order attached hereto as Exhibit 1.
2. Roc Nation's Motion for Order to Show Cause Why Plaintiff Should Not Be Ordered to Remove Social Media Postings and Not Be Held in Contempt of Court (ECF No. 113) be **DENIED AS MOOT**.
3. Desiree Perez's Motion for Special Order Regarding Social Media Postings and Violation of Court Order (ECF No. 125) be **DENIED AS MOOT**.

---

[1] On several occasions during the hearing, counsel for Mr. and Ms. Hadley seemed to contend that compliance was impossible without third-party intervention. I reminded counsel that Mr. and Ms. Hadley bear the responsibility of bringing themselves within compliance of a Court Order by any means necessary. No one disputed that unilateral compliance is possible, because Mr. and Ms. Hadley could delete their social media accounts.

4. Certain Parties' Motion for Order to Show Cause Why Javon Hadley Should Not Be Ordered to Remove Social Media Postings and Not Be Held in Contempt of Court (ECF No. 138) be **DENIED AS MOOT**.

A party shall serve and file written objections, if any, to this Report and Recommendations with the Honorable Beth Bloom, United States District Judge for the Southern District of Florida, within **SEVEN (7) DAYS**[2] of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** in Chambers in Miami, Florida, this 4th day of August, 2025.

_____
LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE

---

[2] The period to object is shortened to reflect the Parties' agreement to the relief recommended herein, and in effort to effectuate their agreement with respect to the Court's entry of the proposed Order as expeditiously as possible.