UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-22162-BLOOM/Louis

DEMOREE HADLEY,

    Plaintiff,

v.

DESIREE PEREZ, ROC NATION, ICONIC CREATIVE, LLC,
DANIEL BOBER, NATALIE ANDERSON, SIG 9, LLC, JAMES FONDO,
STEVEN CADY, JESSICA CADY, SOUTH BROWARD HOSPITAL DISTRICT,
ODYSSEY BEHAVIORAL HEALTHCARE, LIFE SKILLS SOUTH FLORIDA
OUTPATIENT, LLC, BROWARD COUNTY SHERIFF'S OFFICE, JOHN DOE, #1,
JOHN DOE, #2, and RACHEL BERNSTEIN,

    Defendants.
_____/

**ORDER ON PLAINTIFF'S MOTION FOR LIMITED RECONSIDERATION OF THE COURT'S OMNIBUS ORDER ON MOTION TO DISMISS**

**THIS CAUSE** is before the Court upon Plaintiff Demoree Hadley's Motion for Limited Reconsideration of the Court's Omnibus Order on Motions to Dismiss ("Motion"), ECF No. [257]. Defendant Desiree Perez ("Perez") filed a Response in Opposition, ECF No. [264], Defendant Iconic Creative, LLC ("Iconic") filed a Response in Opposition, ECF No. [265], Defendant South Broward Hospital District ("the District") filed a Response in Opposition, ECF No. [276], and Defendant Life Skills South Florida Outpatient, LLC ("LifeSkills") filed a Response in Opposition. ECF No. [277]. The Court has carefully considered the Motion, all opposing submissions, the record in the case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted in part and denied in part.

## I. BACKGROUND

Plaintiff filed her initial Complaint on May 9, 2025, and her Amended Complaint on June 3, 2025. *See* ECF Nos. [1], [49]. Defendants thereafter filed their respective Motions to Dismiss, *see* ECF Nos. [86], [87], [88], [89], [91], [93], [128], [149], [160], and [187]; Plaintiff filed Responses to the Motions to Dismiss, *see* ECF Nos. [152], [153], [154], [155], [156], [157], [175], [176], [201], [222]; and Defendants filed their respective Replies, *see* ECF Nos. [165], [166], [167], [168], [169], [171], [199], [203], [213], and [231].

On October 8, 2025, the Court issued its Omnibus Order on Motions to Dismiss, ECF No. [242], granting in part and denying in part the various Motions to Dismiss. Plaintiff now seeks reconsideration of the Court's Order. ECF No. [257]. In the Motion, Plaintiff asks the Court to:

> (1) consider certain facts it overlooked when dismissing Demoree's malicious prosecution claim *with* prejudice – a claim first brought in the Amended Complaint; (2) consider that Florida law requires dismissal without prejudice for failure to abide by the FMMA; and (3) reconsider its reliance on *Comparelli* when compared to the procedural circumstances of this case.

*Id.* at 6.

## II. LEGAL STANDARD

A motion for reconsideration is "an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002). "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." *Saint Croix Club of Naples, Inc. v. QBE Ins. Corp.*, No. 2:07-cv-00468-JLQ, 2009 WL 10670066, at *1 (M.D. Fla. June 15, 2009) (citing *Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth.*, 814 F. Supp. 1072, 1073 (M.D. Fla. 1993)).

> A motion for reconsideration must do two things. First, it must demonstrate some reason why the court should reconsider its prior decision. Second, it must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. Courts have distilled three major grounds justifying reconsideration: (1)

> an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice.

*Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294, 295 (M.D. Fla. 1993) (citations omitted).

"Such problems rarely arise and the motion to reconsider should be equally rare." *Burger King Corp.*, 181 F. Supp. 2d at 1369. Because court opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure," a motion for reconsideration must clearly "set forth facts or law of a strongly convincing nature to demonstrate to the Court the reason to reverse its prior decision." *Am. Ass'n of People With Disabilities v. Hood*, 278 F. Supp. 2d 1337, 1339 (M.D. Fla. 2003) (citations omitted). As such, a court will not reconsider its prior ruling without a showing of "clear and obvious error where the 'interests of justice' demand correction." *Bhogaita v. Altamonte Heights Condo. Ass'n, Inc.*, No. 6:11-cv-1637-Orl-31, 2013 WL 425827, at *1 (M.D. Fla. Feb. 4, 2013) (quoting *Am. Home Assurance Co. v. Glenn Estess & Assoc.*, 763 F.2d 1237, 1239 (11th Cir. 1985)). "When issues have been carefully considered and decisions rendered, the only reason which should commend reconsideration of that decision is a change in the factual or legal underpinning upon which the decision was based." *Taylor Woodrow Constr. Corp.*, 814 F. Supp. at 1072-73; *see also Longcrier v. HL-A Co.*, 595 F. Supp. 2d 1218, 1247 n.2 (S.D. Ala. 2008) (noting that reconsideration motions are to be used sparingly, and stating, "imagine how a district court's workload would multiply if it was obliged to rule twice on the same arguments by the same party upon request").

**III.   DISCUSSION**

   **A. Plaintiff's Malicious Prosecution Claim – Count XXV**

Plaintiff argues that "the Court erred by dismissing Demoree's malicious prosecution claim against Desiree *with prejudice* and without affording Demoree an opportunity to amend." ECF No. [257] at 6. In support of her argument, Plaintiff cites to *Rosen v. TRW, Inc*, for the general rule:

3

> If our precedent leaves any doubt regarding [the] rule to be applied in this circuit, we now dispel that doubt by restating the rule. Where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice.

979 F.2d 191, 194 (11th Cir. 1992).

However, as Defendant Perez correctly points out, the Eleventh Circuit relied upon a rule established in *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), which was subsequently overturned in *Wagner v. Daewoo Heavy Indus. Am Corp.* 314 F.3d 541, 542 (11th Cir. 2002). In *Wagner*, the Court held, "A district court is not required to grant a plaintiff leave to amend his complaint *sua sponte* when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court." *Id*. Here, the Plaintiff never sought to further amend its Complaint, and the Court was not required to grant Plaintiff leave to file a second amended complaint *sua sponte*. As such, Plaintiff's reliance on *Rosen* is misplaced.

Alternatively, Plaintiff relies upon Fed. R. Civ. P. 15(a) to support her argument that leave to amend should be granted unless a substantial reason exists for its denial. ECF No. [257] at 7. In support, Plaintiff cites to *Nolan v. Douglas County*, which defined a substantial reason as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." 903 F.2d 1546, 1550 (11th Cir. 1990). However, Plaintiff's reliance upon Rule 15(a) is also misplaced. While ordinarily a "court should freely give leave" to amend a complaint "when justice so requires", Fed R. Civ. P. 15(a)(2), the Eleventh Circuit has found that dismissal with prejudice is "not an abuse of discretion" where "there was no cognizable request for the court to grant." *Cluff v. Miami-Dade Cnty.*, No. 22-10704, 2022 WL 16757095, at *3 (11th Cir. Nov. 8, 2022). Here, Plaintiff never sought to further amend her

4

Complaint, and dismissal with prejudice was proper given that no such request was pending before the Court. As such, Plaintiff's Motion is denied as to Count XXV – Malicious Prosecution.

### B. Plaintiff's Fraudulent Inducement Claim – Count XX

Plaintiff argues that "the Court erred by entering dismissals with prejudice and relying on *Comparelli*." ECF No. [257] at 4. Plaintiff contends that "the procedural facts and circumstances of *Comparelli* are entirely different from [Plaintiff's] case" and "the *Comparelli* Court dismissed the case *with prejudice* only after issuing a prior order addressing the merits of the pleading deficiencies and entering a dismissal without prejudice." *Id*. Specifically, Plaintiff requests the Court reconsider its ruling as to its fraudulent inducement claim, Count XX, against Defendant Iconic Creative. *Id*. at 15.

Iconic responds that "the motion's attempt to distinguish *Comparelli v. Boliviarian Republic of Venezuela*, 655 F. Supp. 3d 1169, 1194 (S.D. Fla. 2023) is misplaced." ECF No. [265] at 8. The Court agrees with Iconic. *Comparelli* noted that "a district court may dismiss a case without prejudice after a plaintiff has been afforded an opportunity to amend their initial complaint." 655 F. Supp. 3d 1169, 1194 (S.D. Fla. 2023) (citing *Eiber Radiology, Inc. v. Toshiba Am. Med. Sys., Inc.*, 673 F. App'x 925, 930 (11th Cir. 2016)). In *Eiber*, the Eleventh Circuit stated:

> We have never required district courts to grant counseled plaintiffs more than one opportunity to amend a deficient complaint, nor have we concluded that dismissal with prejudice is inappropriate where a counseled plaintiff has failed to cure a deficient pleading after having been offered ample opportunity to do so.

673 F. App'x 925, 930 (11th Cir. 2016). Here, Plaintiff filed her Complaint on May 9, 2025, and brought a claim against Iconic for fraudulent inducement. *Id*. at 61. Shortly thereafter, on May 27, 2025, Iconic filed its Motion to Dismiss and argued that Plaintiff failed to sufficiently plead fraudulent inducement and failed to plead a cognizable injury. ECF No. [38] at 6-11. Plaintiff

thereafter filed her Amended Complaint, ECF No. [49], and the Court issued its Scheduling Order requiring all motions to amend pleadings be filed by August 5, 2025. ECF No. [72].

Plaintiff now asserts she "can correct the pleading deficiency listed in the Court's Omnibus Order as it relates to Iconic", ECF No. [257] at 15, but offers no support for her assertion. Plaintiff had a sufficient opportunity to correct any pleading deficiencies and was certainly aware of the issues raised in Iconic's Motion to Dismiss. Plaintiff did not seek any further amendment, despite having until August 5, 2025, to do so. As such, Plaintiff's Motion is denied as to Count XX – Fraudulent Inducement.

### C. Plaintiff's Florida Medical Malpractice Act Claims – Counts XII, XIII, XIV, and XV

In the Court's Omnibus Order on Motions to Dismiss, it determined that "the allegations pertaining to District and LifeSkills [arose] out of the *rendition* of medical care." ECF No. [242] at 17. As such, Plaintiff was "required to comply with pre-suit notice requirements." *Id*. at 18. Plaintiff failed to do so, and the Court dismissed Counts XXII, XXIII, XIV, and XV with prejudice. *Id*.

Plaintiff argues that "Florida law prohibits dismissal *with* prejudice for failing to comply with the [Florida Medical Malpractice Act], so long as a party is within the two-year timeframe." ECF No. [257] at 11. In its Response, the District contends that Plaintiff was on notice that her claims related to medical care of services but made no to attempt to further amend the Complaint. ECF No. [276] at 4. Similarly, in its Response, LifeSkills argues that because Plaintiff never sought leave to amend, the Court is under no obligation to allow Plaintiff an opportunity to amend her claims. ECF No. [277] at 2.

Upon review, the Court is persuaded by Plaintiff's argument. While Florida law does not explicitly prohibit dismissal with prejudice for failing to comply with the pre-suit notice

6

requirements of the Florida Medical Malpractice Act ("FMMA"), Florida courts have held that non-compliance with pre-suit notice is not fatal to a claim and that plaintiff should be allowed to cure procedural deficiencies if the statute of limitations has not expired. *See Kukral v. Mekras*, 679 So. 2d 278, 283 (Fla. 1996); *Malunney v. Pearlstein,* 539 So.2d 493 (Fla. 2d DCA 1989) (dismissal of lawsuit in medical malpractice action for failure to give required notice was not bar to filing a second action based on the same cause); *Dimick-Russell v. Frankel*, 734 So. 2d 486, 487 (Fla. 5th DCA 1999); (if the court's ruling is not on the merits and there is still time to comply with the pre-suit notice requirements, plaintiff should not be barred from bringing a claim).

The pre-suit notice requirement was raised by the Defendants in their respective Motions to Dismiss, ECF Nos. [149], [160], and Plaintiff responded that the pre-suit notice requirements did not apply. ECF No. [176]. Ultimately, the Court determined the claims required pre-suit notice and dismissed with prejudice Counts XXII, XXIII, XIV, and XV against Defendants for Plaintiff's failure to comply. ECF No. [242] at 18. Because the two-year statute of limitations has yet to expire in Plaintiff's FMMA case, the Court grants Plaintiff's Motion as to Counts XII, XIII, XIV, and XV. The Court amends its prior Order, ECF No. [242], to reflect dismissal of these counts without prejudice.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. that Plaintiff's Motion**, ECF No. [257]**, is **GRANTED** as to Counts XII, XIII, XIV, and XV as to Defendants South Broward Hospital District and Life Skills South Florida Outpatient, LLC, and the Court's prior order, **ECF No. [242]**, is **AMENDED** to reflect dismissal **without prejudice** as to Counts XII, XIII, XIV, and XV as to Defendants South Broward Hospital District and Life Skills South Florida Outpatient, LLC;

2. Plaintiff's Motion, **ECF No [257]**, is **DENIED** as to Counts XX and XXV.

Case No. 25-cv-22162-BLOOM/Louis

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 8, 2025.

_____<br>
**BETH BLOOM**<br>
**UNITED STATES DISTRICT JUDGE**

cc:

counsel of record