UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CIVIL DIVISION

CASE NO.: 25-cv-22162-BB

DEMOREE HADLEY,

    Plaintiff,

v.

DESIREE PEREZ, ROC NATION,
ICONIC CREATIVE, LLC, DANIEL
BOBER, NATALIE ANDERSON, SIG 9, LLC,
JAMES FONDO, STEVEN CADY, JESSICA
CADY, SOUTH BROWARD HOSPITAL DISTRICT,
ODYSSEY BEHAVIORAL HEALTHCARE,
LIFESKILLS SOUTH FLORIDA
OUTPATIENT, LLC, BROWARD COUNTY
SHERIFF'S OFFICE, JORDAN DENIS,
JOSEPH REYES, RACHEL BERSTEIN,
CTS RESEARCH, INC.

    Defendants.
_____/

**DEMOREE HADLEYS' MOTION TO QUASH THIRD PARTY SUBPOENA
DUCES TECUM ISSUED TO CVS HEALTH CORPORATION
AND WALGREENS BOOTS ALLIANCE, INC.**

Plaintiff, Demoree Hadley ("Demoree"), by and through undersigned counsel, moves to quash the third-party subpoena duces tecum issued to CVS Health Corporation ("CVS") and Walgreens Boots Alliance, Inc. ("Walgreens")[1] by Defendant Desiree Perez ("Desiree"). In support thereof, the Demoree states the following:

---

[1] See attached Exhibits "A" and "B," respectively.

**BACKGROUND**

The Court is undoubtedly aware of the facts and issues surrounding the numerous subpoena duces tecums served in this case. Demoree adopts the facts described in her prior motions to quash. [D.E. 266-269]. Related to this motion, Desiree directed two separate subpoenas to CVS and Walgreens, requesting the following information:

**CVS**

Produce all pharmacy records, including prescription history, medication logs, and communications relating to medications filled or prescribed for Demoree Lopez/Hadley DOB 11/29/1994, from January 1, 2020 to present.

**Walgreens**

Produce all pharmacy records, including prescription history, medication logs, and communications relating to medications filled or prescribed for Demoree Lopez/Hadley DOB 11/29/1994, from January 1, 2020 to present.

Through counsel, Demoree objected to the subpoenas issued to CVS and Walgreens because *all* of Demoree's prescription medication records from 2020 to the present, regardless of subject matter and temporal connection, are overly broad and irrelevant. Desiree disagreed, and the parties could not resolve the issue. This motion follows.

**ARGUMENT**

"The scope of discovery under a Rule 45 subpoena is the same as the scope of discovery under Rule 26." *Woods v. On Baldwin Pond, LLC*, No. 6:13-CV-726-ORL-19DAB, 2014 WL 12625078, at *1 (M.D. Fla. Apr. 2, 2014). Rule 26(b)(1) states that "[p]arties may obtain discovery regarding any **nonprivileged** matter that is **relevant** to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26 (b)(1)(emphasis added).

*Medical Records*

When determining whether information requested in discovery is privileged, courts apply the rules of privilege used in the law of evidence. *United States v. Reynolds,* 345 U.S. 1, 6, 73 S.Ct. 528, 97 L.Ed. 727 (1953).  Under Federal Rule of Evidence 501, federal common law or a federal statute governs a claim of privilege in federal question cases.  *State Farm Mut. Auto. Ins. Co. v. Kugler*, 840 F. Supp. 2d 1323, 1329 (S.D. Fla. 2011).  Although federal common law does not recognize the physician/patient privilege, HIPAA generally governs the disclosure of patient information.  *See United States v. Wilk*, 572 F.3d 1229, 1236 (11th Cir. 2009); *Murphy v. Dulay*, 768 F.3d 1360, 1369 (11th Cir. 2014); *United States v. Bek*, 493 F.3d 790, 802 (7th Cir. 2007).

While there is no specific "standard" for a court to order disclosure of patient information under HIPAA, title 42 C.F.R. § 2.645 provides guidance and states that "an order authorizing the disclosure of patient records ... may be applied for ... as part of a pending civil action in which it appears that patient records are needed to provide evidence."  A court may order disclosure of such records upon a finding of "good cause."  To establish "good cause," a party must show: "(1) other ways of obtaining the information are not available or would not be effective; and (2) the public interest and need for the disclosure outweigh the potential injury to the patient." *See* 42 C.F.R. § 2.64(d).

Here, there is no public interest or need for disclosure of all prescription medical records related to Demoree, let alone one that outweighs the potential injury to her.  As explained above, Desiree sued Javon Hadley, Demoree's husband, for allegedly accessing cameras inside a home he had resided in for several years.  Therefore, Desiree cannot possibly argue a "need for disclosure" of Demoree's medical records in her claims against Javon.

Although Demoree's complaint against Desiree alleges that she was improperly placed in a mental health and drug rehab facility, Demoree has already stated under penalty of perjury that she has never taken any medications related to a mental health diagnosis or treatment, or any medication that could affect her mental health. Desiree's interrogatory and Demoree's response are listed in the screenshot below.

> INTERROGATORY NO. 4: Please identify all medications (prescription and non-prescription), pills, or supplements You were taking in the three (3) years before the Baker Act Treatment or Marchman Act Treatment, including the name of the medication, dosage, prescribing physician, and purpose of the medication.
>
> **RESPONSE TO INTERROGATORY NO. 4: Plaintiff objects to this Interrogatory on the grounds that it seeks information that is irrelevant, overly broad and privileged regarding any prescription or supplements taken unrelated to mental health treatment, or that could affect Plaintiffs mental health. Plaintiff has never taken any medication related to a mental health diagnosis or treatment regime, or any medication that would affect her mental health.**

Additionally, as the Court is well aware, Demoree vehemently disputes the validity of her institutionalization under the Baker Act and Marchman Act. Demoree even presented evidence of her negative drug test at both Memorial Hospital and LifeSkills in her Amended Complaint. See [D.E. 49, ¶¶ 302, 320]. Desiree has failed to establish "good cause" or the "need for disclosure to obtain Demoree's prescription medication records from Walgreens and CVS. Simply put, none of those records are related to Demoree's mental health or relevant to this case.

*Relevancy*

The Supreme Court has instructed that the limitation on discovery to "relevant" materials must be "firmly applied," as "the discovery provisions, like all of the Federal Rules of Civil Procedure, are subject to the injunction of Rule 1 that they 'be construed to secure the just, *speedy, and inexpensive* determination of every action.' " *Herbert v. Lando,* 441 U.S. 153, 177 (1979)

(quoting Fed.R.Civ.P. 1) (emphasis in original). Since the relevancy of Desiree's subpoenas to Walgreens and CVS is not apparent on the face of the subpoenas, Desiree has the burden to show the relevance of her request. *Steil v. Humana, Inc.,* 197 F.R.D. 442, 445 (D.Kan.2000).

As argued above, none of the issues in this case relate to Demoree's physical health and Demoree has already confirmed under penalty of perjury that she has never taken any medication related to a mental health diagnosis or that could affect her mental health. Accordingly, the subpoenas issued to Walgreens and CVS fall outside the scope of permissible discovery under Rule 26, and the Court must quash the subpoena.

It is important to note that Demoree conceded that medications prescribed during the three years before the Baker Act incident would be relevant *if*: (1) the services or medications related to Demoree's mental health; or (2) the services or medications could reasonably alter Demoree's mental health. Neither circumstance exists here. But as a gesture of good faith, Demoree will stipulate to an *in camera* inspection of her prescription medication records. Should the Court find any records even remotely relevant to this case, Demoree will stipulate to disclosure.

**Overly Broad**

In *Lynn v. Romar Marina Club, LLC*, No. CA 07-0173-KD-C, 2009 WL 10692088, at *1 (S.D. Ala. May 28, 2009), a sister court decided a similar issue where a defendant issued 10 subpoena duces tecum to third parties, requesting those parties to produce "[a]ny and all documents, records (including electronically stored documents or records) and pertaining to the plaintiff. The *Lynn* Court quashed all ten subpoenas because they were overly broad on their faces. *Id*. at 2 citing *Schaaf v. SmithKline Beecham Corp.*, 2006 WL 2246146, *2 (M.D. Fla. 2006) (quashing a subpoena duces tecum overly broad on its face); *Premer v. Corestaff Services*, L.P., 232 F.R.D. 692, 692-693 (M.D. Fla. 2005) (quashing subpoenas duces tecum that defendant served

on third-party former employers on the basis that the subpoenas, which sought " 'any and all notes, memoranda, records, and documentation of any nature whatsoever); *Cincinnati Ins. Co. v. Cochran*, 198 Fed.Appx. 831, 832-833 (11th Cir. 2006) (upholding district court's imposition of monetary sanctions against a party for issuance of an overly broad subpoena duces tecum to a non-party witness).

Here, most of Desiree's 27 subpoenas issued over a two-week period are completely irrelevant and extremely overbroad – and the subpoenas issued to Walgreens and CVS are no different. Desiree essentially requested all prescriptions issued to Demoree, regardless of the reason for the prescription. Desiree's blanket request for all Demoree's prescription medications is overly broad and disproportionate to the needs of the case. Since Desiree's subpoena has no subject matter relation to facts in the complaint, the subpoenas to Walgreens and CVS must be quashed.

## CONCLUSION

Wherefore, Demoree Hadley respectfully requests that this Court enter an Order quashing Desiree Perez's Subpoena Duces Tecum to Walgreens and CVS.

Respectfully submitted,

Hilton Napoleon, II, Esq., FBN 17593
2525 Ponce de Leon Blvd., Suite 300
Coral Gables, Florida 33134
Telephone: 305-510-7106
hilton@napoleonfirm.com
assistant@napoleonfirm.com

*Counsel for Demoree Hadley*

By: /s/ *Hilton Napoleon, II*
      Hilton Napoleon, II

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 18th day of December 2025, undersigned counsel filed the foregoing document with the Clerk of the Court for the United States District Court, Southern District of Florida, by using the CM/ECF system, which electronically served all parties of record.

By: /s/ *Hilton Napoleon, II*
Hilton Napoleon, II

**CERTIFICATE OF GOOD FAITH CONFERENCE**

I HEREBY CERTIFY that on December 3, 2025, undersigned counsel conferred with counsel for Desiree Perez via email and telephone to resolve this issue without court intervention. Unfortunately, the parties were unable to resolve this dispute.

By: /s/ *Hilton Napoleon, II*
Hilton Napoleon, II