UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-cv-22162-BLOOM/LOUIS

DEMOREE HADLEY,

    Plaintiff,

v.

DESIREE PEREZ,
DANIEL BOBER,
SIG 9, LLC, JAMES FONDO,
STEVEN CADY, JESSICA CADY,
BROWARD COUNTY
SHERRIF'S OFFICE, JORDAN DENIS,
JOSEPH REYES,

    Defendants.
_____/

DESIREE PEREZ, MILADYS GARCIA GONZALEZ
DENISSE MILAGROS GONZALEZ ESCRIBANO,
and OLGA ZAYAS,

    Consolidated Plaintiffs,

v.

JAVON HADLEY,

    Consolidated Defendant.
_____/

## NOTICE OF ISSUANCE OF SUBPOENA DUCES TECUM WITHOUT DEPOSITION

Pursuant to Rule 45(a)(4) of the Federal Rules of Civil Procedure, Defendant Desiree Perez hereby gives notice of the subpoena attached hereto as Exhibit 1, which will be issued to:

CVS Health Corporation
One CVS Drive,
Woonsocket, RI 02895

Dated November 19, 2025

        Respectfully submitted,

        **HOLLAND & KNIGHT LLP**
        701 Brickell Avenue, Suite 3300
        Miami, FL 33131
        Tel: (305) 374-8500

By: */s/ Barbara A. Martinez*
    Barbara A. Martinez
    Florida Bar No.: 1031810
    barbara.martinez@hklaw.com
    Wifredo A. Ferrer
    Florida Bar No.: 0887005
    Wifredo.Ferrer@hklaw.com
    Cary O. Aronovitz
    Florida Bar No.: 86425
    Cary.Aronovitz@hklaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of November 2025, a true and correct copy of the foregoing was furnished by e-mail to all parties who are currently on the list to receive e-mail notice/service for this case, and that I served all counsel or parties who are not authorized to receive electronically Notices of Electronic Filing in some other authorized manner, if applicable.

By: */s/ Barbara A. Martinez*

# EXHIBIT 1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
_____ District of _____

|  |  |
|---|---|
| *Plaintiff* <br> v. <br> *Defendant* | ) <br> ) <br> ) Civil Action No. <br> ) <br> ) <br> ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:

*(Name of person to whom this subpoena is directed)*

❒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
|  |  |

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

305-374-8500         **Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

### Definitions

  a. "You," or "Your" shall mean CVS Health Corporation, as well as any of its agents, attorneys, accountants, consultants, representatives, assignees, and any other individual or entity associated or affiliated with it, or purporting to act on its behalf with respect to the matter in question.

  b. "Communication" means any oral or written exchange of information, including but not limited to emails, text messages, direct messages on any platform (including WhatsApp, Instagram, X, and all other social media accounts), phone calls, voicemails, letters, conversations, meetings, or other forms of correspondence, meetings, or other forms of correspondence.

  c. The term "person" means any individual, partnership, firm, corporation, association, joint venture, or any other business, legal entity or institution.

  d. "Plaintiff" means Plaintiff Demoree Hadley and, if applicable, her agents, or representatives.

  e. "Defendant" means Desiree Perez, and, if applicable, her agents, or representatives.

  f. "Document" or "documents" shall mean and include, without limitation, any written or graphic matter or other means of preserving thought or expression, and all tangible things from which information can be processed or transcribed, including the original and all non-identical copies, whether different from the original by reason of any notation made on such copy or otherwise, including, but not limited to, contracts, agreements, mortgages, deeds, leases, financing applications, loan applications, letters of intent, asset purchase agreements, management contracts, operating agreements, writings, written communications, visual, graphic or pictorial

displays of any description whatsoever, including, but not limited to, each writing or printing, graph, chart, financial report, tape recording, data computation, ledger sheet, journal entry, invoice, shipping document, bill of lading, purchase order, receipt, return, telephone bill, telephone message slip, schedule, affidavit, memorandum or note of intra office and interoffice telephone calls, letter, letter telegram, blueprint, photograph, video tape, check, canceled check, transcript, statistics, bank statement, financial statement, letter of credit, standby letter of credit, irrevocable and/or revocable standby letter of credit, performance bond, insurance contract and related and/or appended schedule, promissory note, audit report, writing relating to credit and/or loan committee(s) activities, tested telex, untested telex, wire communication, telegrams, teletype, telefax, email, bulletin, correspondence, notes, word diary, chronological data, minutes, work sheet, book, travel log, survey, magazine or newspaper article, press release (and any and all drafts, alterations or modifications, changes, amendments of any of the foregoing), office memorandum, graphic or oral record or representation of any kind (including, without limitation, graphs, microfiche, microfilm, videotapes, recordings, motion pictures, electronic, mechanical, electrical, or chemical recordings or representations of any kind), photograph, prospectus, testing or analysis report or other source of recorded information, including tapes, cassettes, disks, recordings, computer data from which information can be obtained or translated into useable form including manuals, guides and other written information necessary to translate computer routine documents into useable form.

      g.    "Communication" or "communications" shall mean any exchange or transmission of information, whether oral, written, via electronic mail, text message, direct message, social media, including WhatsApp, or by other means, and includes, but is not limited to, written, oral, telephonic, via electronic mail, representation, discussion, meeting, letter, correspondence, memorandum, newsletter, telegram, advertisement, speech, screen capture, recorded conversation,

conference, note, e-mail or computer-generated message and any other document or file which refers to any such communication.

  h. "Relating to," "related to," "relates to" or "relate to" shall mean: in any way directly or indirectly, containing, constituting, comprising, showing, evidencing, mentioning, reflecting, pertaining to, or referring in any way, directly or indirectly, to and is meant to include, among other documents, documents underlying, supporting, now or previously attached or appended to, or used in the preparation of any document called for by the discovery requested herein.

  i. "Including" shall mean "including, but not limited to" so as to require the broadest possible inclusion.

  j. The terms "and" and "or" shall be construed conjunctively and disjunctively to require the broadest possible inclusion.

  k. "All" shall be construed to include the word "any," and the word "any" shall be construed to include the word "all."

  l. "Entity" means any legal entity, including, without limitation any corporation, company, limited liability company, partnership, limited partnership, association, or other firm or similar body, or any unit, division, agency, department, or similar subdivision thereof.

  m. "Individual" means any natural person or any business, legal, or governmental entity (as defined in "j.") or association.

  n. Unless otherwise stated in a request, the time period for documents responsive to these requests is January 1, 2020 to the present.

## Instructions

The following instructions apply:

  a. Each Request shall be answered pursuant to the Federal Rules of Civil Procedure,

specifically Federal Rule of Civil Procedure 45.

 b. In responding to each Request, You shall state which documents and things You will produce for inspection and copying. If You object to a particular request, You shall state the precise grounds upon which the objection rests.

 c. If You know of the existence, past or present, of any documents or things requested below, but are unable to produce such documents or things because they are not presently in Your possession, custody, or control, You shall so state and shall identify such document or things, and the person who has possession, custody or control of the documents or things.

 d. If no documents or things are responsive to a particular Request, You shall state in Your response that no responsive documents or things exist.

 e. If You withhold any documents, things, or information based upon a claim of privilege or any other claim of immunity from discovery, then You shall produce a privilege log that describes the nature of the information not produced or disclosed pursuant to Federal Rule of Civil Procedure 45(e)(2), including the following information:

  i. the document request(s) that the purportedly privileged document is responsive to;

  ii. the author(s) of the document;

  iii. the address(es) of the author(s);

  iv. the current custodian of the document;

  v. the date of the document;

  vi. the subject matter and title of the document;

  vii. the number of pages in the document;

  viii. the distribution fields, including To/From/CC/BCC and the members of any group list serves;

  ix. the name of the file or folder in which the document is or was located; and

      x.    the specific grounds on which the privilege has been asserted and, if the privilege is governed by state law, the state's privilege rule being invoked.

    f.    If You contend that a portion of a document contains information that is immune from discovery, then You shall produce the document with the allegedly immune portion redacted therefrom and describe the redacted portion in a privilege log pursuant to the instructions in paragraph "e" immediately above.

    g.    All documents that are physically attached to each other when located for production shall be left so attached. Documents that are segregated or separated from other documents, whether by inclusion of binders, files, subfiles, or by use of dividers, tabs, or any other method, shall be left so segregated or separated. Documents shall be produced in the order in which they were maintained, in the file where found.

## Document Requests

Produce all pharmacy records, including prescription history, medication logs, and communications relating to medications filled or prescribed for Demoree Lopez/Hadley DOB 11/29/1994, from January 1, 2020 to present.