UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CV-22162-BLOOM/LOUIS

DEMOREE HADLEY,

    Plaintiff,

v.

DESIREE PEREZ, et al.,

    Defendants.
_____/

DESIREE PEREZ et al,

    Consolidated Plaintiffs,

v.

JAVON HADLEY,

    Consolidated Defendant.
_____/

## MOTION TO WITHDRAW AS COUNSEL FOR CONSOLIDATED DEFENDANT JAVON HADLEY

Undersigned counsel respectfully moves for leave to withdraw as counsel for Consolidated Defendant Javon Hadley ("Mr. Hadley"), pursuant to Local Rule 11.1 and Rule 4-1.7 of the Florida Bar Rules of Professional Conduct. Unfortunately, the continued representation of Mr. Hadley and his wife, Demoree Hadley ("Mrs. Hadley"), is no longer permissible due to a developing conflict of interest, which creates a substantial risk that undersigned counsel's representation will be materially limited. In support, undersigned counsel states the following:

1

## FACTUAL BACKGROUND AND HISTORY OF REPRESENTATION

On February 18, 2025, undersigned counsel sent a demand letter on behalf of Mrs. Hadley, seeking a pre-suit resolution of an incident where her mother, Desiree Perez ("Mrs. Perez"), caused Mrs. Hadley to be Baker Acted.[1]  Both Mrs. Hadley and Mrs. Perez agreed to engage in pre-suit mediation on April 9, 2025.

On April 8, 2025, the day before mediation was scheduled, Mrs. Perez filed what undersigned counsel believed to be a preemptive and meritless lawsuit against Mr. Hadley.  Mrs. Perez's lawsuit alleged that Mr. Hadley improperly accessed video surveillance footage inside a home that he <u>and Mrs. Hadley</u> lived in for several years.  Conversely, Mrs. Perez neither owned the home nor had lived there for more than twenty years.

Nevertheless, Mrs. Perez filed suit in federal court, claiming that Mr. Hadley violated several federal and state privacy laws.  Mrs. Perez's lawsuit also alleged a state law claim for intentional infliction of emotional distress, but such a claim was obviously baseless because she was not present for the alleged incidents surrounding the claim.

Ms. Perez's lawsuit was assigned to Judge Altman under Case No. 25-cv-21607, after Judge Ruiz and Judge Martinez recused themselves.  Based on the nature of Mrs. Perez's claims, undersigned counsel agreed to represent Mr. Hadley on a *pro bono* basis.

Undersigned counsel then moved to dismiss Mrs. Perez's lawsuit.  In the dismissal motion, undersigned counsel attached indisputable evidence demonstrating that Mrs. Perez does not own the home where the alleged violations occurred, does not reside in the home, and therefore, lacks any reasonable expectation of privacy therein.  Moreover, Mr. Hadley argued that the messages

---

[1] As the Court is aware, Demoree Hadley is married to Javon Hadley.  Desiree Perez is Demoree Hadley's biological mother.

cited in Mrs. Perez's lawsuit show that Mrs. Hadley had access to the cameras inside "the family home" and nothing prevented Mrs. Hadley from sharing that footage with Mr. Hadley, a longtime co-resident of the home.

On May 9, 2025, undersigned counsel filed the lawsuit he had originally been retained to file—Mrs. Hadley's claims against Mrs. Perez for fraudulently Baker Acting her, illegally recording her, and illegally hacking her phone. Mrs. Hadley's lawsuit was eventually reassigned to this Court after Judge Ruiz and Judge Martinez recused themselves.

On June 24, 2025, Judge Altman transferred Mrs. Perez's lawsuit against Mr. Hadley to this Court. On July 1, 2025, the Court entered a *sua sponte* order consolidating Mrs. Hadley's lawsuit against Mrs. Perez, and Mrs. Perez's lawsuit against Mr. Hadley. See [D.E. 127]. The Court ruled that consolidation was necessary to prevent duplication of judicial resources.[2]

From the beginning, Mrs. Hadley's lawsuit against Mrs. Perez has been the center of this family dispute. The parties have engaged in significant litigation in Mrs. Hadley's' lawsuit against her mother, including motions, responses in opposition, and replies involving dismissal, sanctions, extrajudicial statements, and discovery. Conversely, Mrs. Perez's lawsuit against Mr. Hadley has essentially sat idle for months, as the parties filed very few motions and conducted little discovery. The record clearly reflects that Mrs. Hadley's lawsuit has been the primary focus of the two cases by a long shot.

In late 2025 and early 2026, Mrs. Perez and her co-defendant began serving extensive discovery requests, almost exclusively directed toward Mrs. Hadley regarding her claims against Mrs. Perez. Undersigned counsel has had numerous conversations, meetings, and discovery

---

[2] On August 24, 2025, the Court clarified that the cases were consolidated not only to save judicial resources but also for trial purposes.

discussions with Mrs. Hadley about her case. Consolidated Plaintiffs first served discovery requests on Mr. Hadley on February 4, 2026.

On February 6, 2026, Magistrate Judge Louis issued a Report and Recommendation stating that Mrs. Perez's claims against Mr. Hadley for improperly accessing the cameras at "the family home" should not be dismissed. Judge Louis refused to consider Mr. Hadley's evidence showing that Mrs. Perez had no interest in "the family home" and did not live there. Judge Louis ruled that such evidence fell outside the four corners of the complaint.

On February 16, 2026, Mrs. Perez and her co-defendants requested dates to depose both Mr. and Mrs. Hadley, as parties in their respective cases, and as witnesses in the case in which their spouse is the named party. To prevent everyone from attending multiple depositions, Mrs. Perez sought to conduct one deposition for Mr. Hadley and one deposition for Mrs. Hadley. In other words, Mrs. Perez sought to depose Mr. Hadley in a single deposition as a party in *Desiree Perez v. Javon Hadley*, and as a witness in *Demoree Hadley v. Desiree Perez*. Similarly, Mrs. Perez sought to depose Mrs. Hadley as a party in *Demoree Hadley v. Desiree Perez*, and as a witness in *Desiree Perez v. Javon Hadley*.

In discovery, Mrs. Perez has produced videos, audio recordings, screenshots, and text messages, all of which she claims support her defense. Although the veracity of Mrs. Perez's evidence is vehemently disputed by both Mr. and Mrs. Hadley, its very existence materially changes counsel's advice to them. And although the Hadleys remain united as a married couple, frequently appear in court together, and have aligned interests overall, it has now become clear

4

that counsel's advice to one of them could materially limit the other's case or defense, creating an unavoidable conflict for counsel.[3]

### GROUNDS FOR WITHDRAWAL

Rule 4-1.7(a)(2) of the Florida Bar Rules of Professional Conduct provides that "a lawyer shall not represent a client if there is a substantial risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client…"  Here, undersigned counsel wholeheartedly believes that, although the Hadleys' interests are aligned, Counsel's duty of loyalty in advising Mr. Hadley will be materially limited by his simultaneous representation of Mrs. Hadley.  This is especially true since Mrs. Perez's lawsuit against Mr. Hadley remains pending and her counsel intends to conduct a single deposition of Mr. Hadley as: (1) a consolidated defendant in *Desiree Perez v. Javon Hadley*; and (2) a key witness in *Demoree Hadley v. Desiree Perez*.  Unfortunately, withdrawal is unavoidable.

ABA Op. 519 stated that "[w]hen moving to withdraw from a representation, a lawyer's disclosure to the tribunal is limited by the duty of confidentiality established by Rule 1.6(a) of the ABA Model Rules of Professional Conduct."  The opinion goes on to state that "disclosure of information relating to the representation is not … authorized even when … the lawyer to seek to withdraw."  Disclosure of information must be "strictly limited to the extent reasonably necessary."  Should a court seek further information, a lawyer must "do so in the narrowest possible manner,"

---

[3] Today, undersigned counsel moved for an extension of time to file Objections on behalf of Mr. Hadley, as the Florida Bar Rules prohibit an attorney from filing substantive motions on behalf of a client where a conflict exists.  Undersigned counsel did not disclose the full extent of his reasoning for an extension.  The Court denied the motion for extension of time.  However, should the court grant this motion to withdraw, undersigned counsel respectfully request that the Court either: (a) grant Mr. Hadley an extension of time to file his Objections to the Magistrate's R&R; or (b) enter an Order allowing undersigned counsel to file Objections on Mr. Hadley's behalf, despite the current conflict.  Undersigned counsel reasonably believes that he can file the Objections on Mr. Hadley's behalf without compromising his interests.

including "making submissions in camera or under seal."  Accordingly, should this Court require specific information supporting undersigned counsel's need to withdraw, he respectfully requests that the Court allow him to do so under seal.

## CONCLUSION

Because continued representation would violate the Rules of Professional Conduct, undersigned counsel respectfully requests that this Court grant him leave to withdraw as counsel for Consolidated Defendant Javon Hadley, allow Mr. Hadley a reasonable opportunity to obtain substitute counsel, and grant him any other relief the Court deems proper and just.

Respectfully submitted,

Hilton Napoleon, II, Esq., FBN 17593
2525 Ponce de Leon Blvd., Suite 300
Coral Gables, Florida 33134
Telephone: 305-510-7106
hilton@napoleonfirm.com
assistant@napoleonfirm.com

*Counsel for Demoree Hadley*

By: /s/ *Hilton Napoleon, II*
        Hilton Napoleon, II

## NOTICE TO CLIENT

Undersigned counsel spoke at length to both Mr. and Mrs. Hadley.  Mr. Hadley understood the conflict and the need for undersigned counsel to withdraw.  As required by Local Rule 11.1(d)(3)(A), Mr. Hadley's current address is: 11448 SW 252 Terrace, Homestead, FL 33032.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 20th day of February 2026, undersigned counsel filed the foregoing document with the Clerk of the Court for the United States District Court, Southern District of Florida, by using the CM/ECF system, which electronically served all parties of record.

By: /s/ *Hilton Napoleon, II*
Hilton Napoleon, II

**CERTIFICATE OF GOOD FAITH CONFERENCE**

I HEREBY CERTIFY that undersigned counsel: (i) notified Javon Hadley of his intention to withdraw via telephone on February 18, 2026, and February 19, 2026, to which Mr. Hadley stated that he understood; (ii) emailed Mr. and Mrs. Hadley a detailed explanation for mandatory withdrawal on February 19, 2026; (iii) emailed Mr. and Mrs. Hadley a copy of this motion on February 19, 2026; and (iv) notified opposing counsel of undersigned counsel's intention to withdraw via email on February 19, 2026.

Hilton Napoleon, II, Esq., FBN 17593
2525 Ponce de Leon Blvd., Suite 300
Coral Gables, Florida 33134
Telephone: 305-510-7106
hilton@napoleonfirm.com
hiltonnapoleoniipa@gmail.com

*Counsel for the Plaintiff, Demoree Hadley and Consolidated Defendant Javon Hadley*

By: /s/ *Hilton Napoleon, II*
Hilton Napoleon, II