UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-cv-22162-BLOOM/LOUIS

Case No. 25-cv-22162-BB
Consolidated Case No. 25-cv-21607-BB

DEMOREE HADLEY,

     Plaintiff,

v.

DESIREE PEREZ,
DANIEL BOBER,
SIG 9 LLC, JAMES FONDO,
STEVEN CADY, JESSICA CADY,
BROWARD COUNTY
SHERIFF'S OFFICE, JORDAN DENIS,
JOSEPH REYES,

     Defendants.
_____/

DESIREE PEREZ, MILADYS GARCIA GONZALEZ
DENISSE MILAGROS GONZALEZ ESCRIBANO,
and OLGA ZAYAS,

     Consolidated Plaintiffs,

v.

JAVON HADLEY,

     Consolidated Defendant.

_____/

**DEFENDANT, DESIREE PEREZ'S**
**RESPONSE TO MOTION TO QUASH THIRD PARTY**
**SUBPOENA DUCES TECUM ISSUED TO BAPTIST HEALTH**

Defendant, Desiree Perez ("Perez"), opposes the Motion to Quash the Third-Party Subpoena Duces Tecum Issued to Baptist Health ("Motion"), ECF No. [345], and the scope proposed by Plaintiff, Demoree Hadley ("Plaintiff"), and states:

First, contrary to Plaintiff's claim, the undersigned promptly informed Baptist Health of Plaintiff's objection via voicemail to the Baptist subpoena department on February 26, 2026, and again on March 3, 2026, after no return call was received. Although Baptist Health provided an invoice (despite notification of the objection), Perez has not paid this invoice (and will not unless and until Plaintiff's objection is resolved). Accordingly, Perez's counsel promptly informed Baptist Health of Plaintiff's objection and has not received records from said third-party at this time.

Second, Perez does not agree with the proposed timeframe of the subpoena proposed by Plaintiff. Under Federal Rule of Civil Procedure 26(b)(1), the scope of discovery permits "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." See also Discovery Practices and Procedures for Magistrate Judge Lauren F. Louis, pg. 3. Perez proposes that the timeframe be limited to 2018 to the present, the same temporal limitation ordered by this Court as it relates to Plaintiff's mental health treatment history. *See* ECF No. 323[], 37:4-5. Among Perez's affirmative defenses, Perez maintains that Plaintiff's severe mental decline was precipitated (and compounded) by physical and mental domestic abuse inflicted by her now-husband, Consolidated Defendant Javon Hadley, with whom Plaintiff lived in 2018 and through March 2024. *See* ECF No. [248] at 35. Accordingly, Plaintiff's physical health is also at issue and proportional to the needs of the case, such as any medical treatment she may have sought at Baptist Health. Perez has evidence reflecting physical, domestic abuse of Plaintiff dating to 2018, and this abuse has caused or significantly contributed to her on-going mental health

1

issues. Thus, Perez proposes the time period starting in 2018, versus Plaintiff's proposed 2021, for the Baptist Health subpoena.

Third, Perez does not agree to limit the proposed scope of the subpoena to "services or medications related to Demoree's mental health" or "services or medications [that] could reasonably alter Demoree's mental health." ECF No. [345] at 5. Perez is not seeking a phishing expedition for all medical records *unrelated* to anything involving physical or mental injuries from abuse or her mental health, generally. However, Perez cannot know what Baptist Health records are or are not related without reviewing them.

Moreover, Plaintiff may have presented to the emergency room for physical injuries – and not mentioned anything about domestic violence – on dates that coordinate when Plaintiff had arguments with her now-husband. Indeed, the Amended Complaint is replete with examples of Plaintiff's husband berating her, requiring sexual services, ordering her not to return the bedroom, let alone actual video and audio of physical violence.

Plaintiff's primary care physician is also on staff at Baptist Health; she may have made requests or comments to her physician regarding mental health issues in her visits. She may have also presented for any number of aliments in which the hospital staff noted signs that she was not alert and oriented, or other signs of mental health or domestic violent episodes, unrelated the primary reason for which Plaintiff presented to the hospital but which underscore on-going mental health and/or domestic violence issues.[1] Accordingly, Perez seeks an order limiting the scope of

---

[1] Plaintiff's deposition is taking place contemporaneously with the filing of this Response. Accordingly, there may be additional basis to maintain the proposed topical scope of the subpoena.

the subpoena to 2018, but not limiting the subpoena as to the nature of the medical visits, which it

is unlikely that the medical provider could even comply with.[2]

Dated: March 31, 2026                                        Respectfully submitted,


                                                            WEISS SEROTA HELFMAN
                                                            COLE & BIERMAN, P.L.
                                                            *Counsel for Defendant, Desiree Perez*
                                                            200 East Broward Boulevard, Suite 1900
                                                            Fort Lauderdale, FL  33301
                                                            Telephone:  (954) 763-4242
                                                            Telecopier:  (954) 764-7770


                                                            By*:   /s/ Anne R. Flanigan*
                                                            MATTHEW H. MANDEL
                                                            Florida Bar No.
                                                            Primary: mmandel@wsh-law.com
                                                            Secondary: lbrewley@wsh-law.com
                                                            ANNE R. FLANIGAN
                                                            Florida Bar No. 113889
                                                            Primary: aflanigan@wsh-law.com
                                                            Secondary: pgrotto@wsh-law.com

---

[2]     There is an existing protective order, *see* ECF No. [247], and thus any concern over the privacy of the records is unfounded. Indeed, despite such a protective order, Plaintiff has refused to sign a HIPAA waiver for her medical records to LifeSkills, where she stayed in March 2024 as she alleges in her Amended Complaint.  Her refusal to sign a waiver to LifeSkills demonstrates why it is further necessary to issue non-party subpoenas for her actual medical records, which undoubtedly she has placed directly at issue in this case.

3