**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 25-CV-22162-BB

DEMOREE HADLEY,

     Plaintiff,

v.

DESIREE PEREZ, ROC NATION, ICONIC
CREATIVE, LLC DANIEL BOBER, NATALIE
ANDERSON, SIG 9, LLC, JAMES FONDO,
STEVEN CADY, JESSICA CADY, SOUTH
BROWARD HOSPITAL DISTRICT,
ODYSSEY BEHAVIORAL HEALTHCARE,
LIFESKILLS SOUTH FLORIDA
OUTPATIENT, LLC, BROWARD COUNTY
SHERIFF'S OFFICE, JORDAN DENIS,
JOSEPH REYES, RACHEL BERSTEIN, CTS
RESEARCH, INC.,

     Defendants.

_____/

**DEFENDANT, SIG 9, LLC'S MOTION TO COMPEL**
**BETTER RESPONSES TO INTERROGATORIES, OVERRULE PLAINTIFF'S**
**OBJECTIONS TO DEFENDANT'S REQUEST FOR PRODUCTION, AND COMPEL**
**PRODUCTION OF DOCUMENTS**

Defendant, SIG 9, LLC,  James Fondo, Steven Cady, and Jessica Cady (collectivly, "Defendant" or "SIG 9"), by and through its undersigned counsel, pursuant to Federal Rules of Civil Procedure 33 and 34, hereby files this Motion to Compel Better Responses to Interrogatories, Motion to Overrule Objections to Request for Production, and Motion to Compel production of responsive documents. In support thereof, SIG 9 states:

**INTRODUCTION**

1.    This motion seeks amended responses to SIG 9's First Set of Interrogatories because Plaintiff, Demoree Hadley ("Plaintiff"), failed to substantively respond to several

straightforward Interrogatories. These deficient responses obstruct the narrowing of issues for trial, prejudice SIG 9's ability to prepare its defenses, and contravene the Federal Rules governing Interrogatories. A copy of Plaintiff's Answers to SIG 9's Interrogatories is attached hereto as Exhibit "A."

2.      This motion also seeks to overrule Plaintiff's objections to Defendant's Request for Production.  A copy of Plaintiff's Response to SIG 9's Request for Production, which was served on or around March 2, 2026, is attached hereto as Exhibit "B."

3.      Finally, Plaintiff has failed to produce any documents in response to Defendant's Request for Production.  When not objecting, Plaintiff responded either that "Plaintiff will produce all responsive documents within 14 days" (*See e.g.* Responses 1, 22, 35, and 49) or that Plaintiff would produce documents "with 7 days." (*See e.g.* Responses 2, 3, 7, 10, and 13).  There were also some Responses where Plaintiff did not place a time frame for production.  More than the requested 14 days have passed, and Plaintiff has not provided *any* responsive documents.  Defendant has contacted Plaintiff's counsel on several occasions to obtain responsive documents, and each time has assured undersigned counsel that the documents would be produced immediately.  However, as of the filing of this motion, Plaintiff has not produced any responsive documents to the discovery requests.

## **RELEVANT BACKGROUND**

4.      SIG 9 served its First Set of Interrogatories to Plaintiff pursuant to Federal Rule of Civil Procedure 36.  Plaintiff served responses on February 20, 2026.

5.      SIG 9 also filed a Request for Production to the Plaintiff.  Plaintiff served responses and objections on March 2, 2026.

6.      Several of Plaintiff's responses are deficient because they contain boilerplate objections, incomplete answers, and evasive responses that fail to provide the information requested.

7.      Plaintiff and defense counsel met and conferred on Plaintiff's objections to both Defendant's interrogatories and requests for production.  As a result of discussing the objections, Plaintiff agreed to amend his responses to the following requests and produce documents:

- **Request for Production:  25, 28, 33[1], 48, 52**

- **Interrogatory: 1, 14, 15, 20, 21, 22,**

8.      There were also several requests where Plaintiff's counsel stated that he would speak with his client about providing better responses.  However, Plaintiff's counsel failed to provide Defendant with any subsequent update on whether his client agreed to produce the previously objected to documents or provide the requested information.

9.      Despite agreeing to respond to certain objections, Plaintiff failed to timely update her responses to reflect counsel's agreement or provide any documents.  Attached as Exhibit "C" is a chart with the results of the meet and confer conference regarding discovery.

10.     Defendant requests an order compelling Plaintiff to amend the agreed-upon discovery responses.

### ARGUMENT

11.     The following are the requests that Plaintiff and Defendant could not reach an agreement on and require a Court ruling.

---

[1] Parties agreed that Plaintiff would respond to the modified request for "All communications with any individuals regarding the events alleged in the Amended Complaint referring to the Marrina Backer Act."

### A. Disputed Interrogatory-Specific Deficiencies

**Interrogatory No 12 and 13:**

- **Request 12:** Identify all persons present at the marina in Dania Beach on March 27, 2024, and describe their roles.

- **Plaintiff's Response:** Dr. Bober, James Fondo, Steven Cady, Jessica Cady, Jordan Denis and Joseph Reyes. Their roles are explained in paragraphs 220-321 of the Amended Complaint.

- **Request 13:** State all facts supporting your contention that SIG 9, LLC, James Fondo, Steven Cady, and Jessica Cady acted without legal authority in detaining you.

- **Plaintiff's Response:** Plaintiff objects to this interrogatory as overbroad to the extent that it asks her to state every single fact and detail to support her contention that the listed defendants acted without legal authority. However, a detailed summary of those facts is listed in paragraphs 220-302 of the Amended Complaint. Moreover, the legal contention is fully explained in Plaintiff's Response in Opposition to the listed defendants' motion to dismiss and the court's order denying the motion.

**Response Deficiencies:** Plaintiff responds to Request 12 by referring to 101 Paragraphs of unsworn allegations in the Amended Complaint (¶¶220-321).  Similarly, Plaintiff's response to Request 13 references those same allegations, as well as her Response in Opposition to the Defendants' Motion to Dismiss, and the Court's Order Denying the Motion.  Plaintiff also objects to overbreadth because Defendants seek all facts supporting her contention that Sig 9 acted without legal authority to detain Plaintiff.  Plaintiff's response is deficient because it requires Defendant to

comb through over 100 paragraphs in the Amended Complaints, as well as other documents, to ferret out the information sought.  Courts have held that referring back to the allegations asserted in a complaint in response to interrogatories seeking information is improper.  *See, e.g., Bregman v. District of Columbia,* 182 F.R.D. 352 (D.D.C. 1998) (holding that plaintiff's response to damages interrogatory by reference to the complaint was improper because "[t]he reference to the compliant is useless; the whole purpose of discovery is to put flesh on the bare bones of a complaint which need only be a short and concise statement of the claim."); *King v. E.F. Hutton & Co., Inc.* 117 F.R.D. 2 (D.C. 1987) (holding answer to interrogatory seeking information relating to damages alleged by referencing complaint is inadequate because "it [is not] an adequate response to say that the information is reflected in the complaint, no matter how detailed, especially where the complaint has not been verified under oath by the individual plaintiffs.").  Incorporating Plaintiff's Response in Opposition and the Court's Order are equally improper under Rule 33(b)(1), which requires interrogatory responses to be sworn to under oath. *See, i.e., Cherenfant v. Nationwide Credit, Inc.,* Case No. 03-60655-CIV-MARRA/SELTZER, 2004 U.S. Dist. LEXIS 30464, at *3 (S.D. Fla. May 12, 2004) (finding responses to interrogatories that referenced initial disclosures improper because they are unsworn).

Plaintiff also claims that the interrogatory is "overbroad" contention interrogatory. "Objections which state that a discovery request is 'vague, overly broad, or unduly burdensome' are, by themselves, meaningless, and are deemed without merit by this Court." *Milinazzo v. State Farm Ins. Co.*, 247 F.R.D. 691, 695 (S.D. Fla. 2007). "A party properly objecting on these bases must explain the specific and particular ways in which a request is vague, overly broad, or unduly burdensome." *Id.*  Additionally, "'Contention' interrogatories are interrogatories that seek to clarify the basis for or scope of an adversary's legal claims." "The general view is that contention

interrogatories are a perfectly permissible form of discovery, to which a response ordinarily would be required." *Myers v. Goldco, Inc.*, No. 4:08CV8-RH/WCS, 2008 WL 1995131, at *2 (N.D. Fla. May 6, 2008); *Spadaro v. City of Miramar*, No. 11-61607-CIV, 2012 WL 12862641, at *6 (S.D. Fla. Apr. 25, 2012) ("An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact...." As explained in the Rule 33 Advisory Committee Notes to the 1970 Amendments, "requests for opinions or contentions that call for the application of law to fact ... can be most useful in narrowing and sharpening the issues, which is a major purpose of discovery."). Defendant's request simply seeks all the facts supporting Plaintiff's contention against Defendants that they "acted without legal authority in detaining" Plaintiff. This request goes to the very heart of Plaintiff's claims against Sig 9 and their defenses to Plaintiff's allegations.

**Interrogatory 23:**

- **Request 23:** Identify all documents, recordings, or other evidence you contend support your claims against SIG 9, LLC, James Fondo, Steven Cady, and Jessica Cady.

- **Response:** Plaintiff objects to this interrogatory as facially overbroad.

**Response Deficiencies:** Defendant's objection lacks a sufficient factual explanation of its basis. *Milinazzo v. State Farm Ins. Co.*, 247 F.R.D. 691, 695 (S.D. Fla. 2007) ("Objections which state that a discovery request is 'vague, overly broad, or unduly burdensome' are, by themselves, meaningless, and are deemed without merit by this Court."). "A party objecting on these bases must explain the specific and particular ways in which a request is vague, overly broad, or unduly burdensome." *Guzman v. Irmadan, Inc.*, 249 F.R.D. 399, 400 (S.D. Fla. 2008). Further, Defendant's interrogatory is a proper contention interrogatory requesting documentary evidence supporting claims against Defendants. *Myers v. Goldco, Inc.*, No. 4:08CV8-RH/WCS, 2008 WL

1995131, at *2 (N.D. Fla. May 6, 2008); *Spadaro v. City of Miramar*, No. 11-61607-CIV, 2012 WL 12862641, at *6 (S.D. Fla. Apr. 25, 2012).  Here, Defendant's request that Plaintiff identify the evidence supporting her claim is a relevant and permissible discovery request.  *See Hickman v. Taylor*, 329 U.S. 495, 507, 67 S. Ct. 385, 392, 91 L. Ed. 451 (1947) ("Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession.").

B. **Disputed Requests for Production-Specific Deficiencies**

**Requests 29 and 34 regarding Social Media**

- **Request 29:** For each of your social networking accounts, please provide copies or screenshots of all photographs, posts, comments, communications, and videos associated with that account during the two (2) years prior to the date of loss through the date your response to this request.

- **Response to Request 29**: Plaintiff objects to this request in the sense that it is not proportional to the needs of the case. With that said, all of the information requested above can be found at the following social media profiles:

    Instagram – Blackbird0527; authenticlifealways; black_birdDH;
    Twitter - @moreehadley27
    Facebook – moreehadley
    SnapChat – black_birdd
    TikTok - @authenticlifealways

- **Request 34:** All documents relating to any social media posts, emails, text messages, or other communications you made regarding your alleged injuries, damages, or the events described in the Amended Complaint.

    - **Response to Request 34:** All of the information regarding social media posts can be found at:
        Instagram – Blackbird0527; authenticlifealways; black_birdDH;

Twitter - @moreehadley27
Facebook – moreehadley
SnapChat – black_birdd
TikTok - @authenticlifealways

All communications with Dr. Berrio will be provided. Plaintiff is in the process of searching her phone and email for any other communications about this case and will provide any responsive documents.

**Response Deficiencies:** Plaintiff objects to Defendant's request for social media because it is not proportional.  Social media content is generally discoverable when a plaintiff claims emotional injuries such as mental anguish or PTSD.  In *Anderson v. CentraArchy Restaurant Management Co.*, the court explained that "a party's online social activity may be relevant to claims of emotional distress because such activity may reflect one's emotional state." *Anderson v. CentraArchy Rest. Mgmt. Co.*, No. 1:14-CV-539-LMM-ECS, 2014 WL 13066216, at *2 (N.D. Ga. Dec. 2, 2014; *see also Davenport v. State Farm Mut. Auto. Ins. Co.*, No. 3:11-CV-632-J-JBT, 2012 WL 555759, at *1-2 (M.D. Fla. Feb. 21, 2012) (finding photos of plaintiff on social networking sites to be relevant where plaintiff's "quality of life" was at issue); *Held v. Ferrellgas, Inc.*, No. 10-2393-EFM, 2011 WL 3896513, at *1 (D. Kan. Aug. 31, 2011) (finding Facebook content relevant to plaintiff's alleged emotional distress); *EEOC v. Simply Storage Mgmt., LLC*, 270 F.R.D. 430, 434-36 (S.D. Ind. 2010) (finding Facebook and MySpace content relevant to plaintiff's alleged injuries to emotional and mental health); *Mackelprang v. Fidelity Nat'l Title Agency of Nev., Inc.*, No. 2:06-cv-00788-JCM-GWF, 2007 WL 119149, at *8 (D. Nev. Jan. 9, 2007) (finding MySpace content relevant to plaintiff's alleged mental and emotional distress).  Similarly, in *Crossman v. Carrington Mortgage Services, LLC*, the Middle District of Florida observed that "information in Ms. Crossman's social media, including her Facebook and Instagram accounts, relates to her contemporaneous mental and emotional states and therefore relates to the injuries she claims she

suffered," including loss of enjoyment of life. *Crossman v. Carrington Mortg. Servs., LLC*, No. 3:19-CV-1081-J-39PDB, 2020 WL 2114639, at *4 (M.D. Fla. May 4, 2020); *Hinostroza v. Denny's Inc.*, No. 2:17-cv-02561-RFBNJK, 2018 WL 3212014, at *6 (D. Nev. June 29, 2018) (observing social media information reflects individual's contemporaneous emotions and mental state, examination of the information may reveal onset and degree of distress, and the relates to loss of enjoyment of life).  Throughout her Amended Complaint, she complains of emotional damages.  DE 49 at ¶ 144 (CTS caused the Hadleys severe emotional distress, PTSD…"); ¶ 148 ("The Hadley had to see psychologists for PTSD symptoms, insomnia, stomach issues, irritability, migraines, appetite suppression, and severe stress…"); ¶439 (Count VI seeks noneconomic damages); ¶ 454 (Count VIII seeks noneconomic damages).  Plaintiff also responds to Defendant's Second Interrogatory Request that she is seeking damages for "[e]motional distress, mental distress, pain and suffering, PTSD…," among other things. In Plaintiff's deposition, she also claims to have PTSD symptoms from the Baker Act incident.  Defendant is entitled to view her social media to determine whether there was a change in Plaintiff's mental status before the incident and after.  Two years before the incident is relevant and proportional to this case because the magistrate has allowed a lookback period that exceeds the two years requested here for requests relating to Plaintiff's psychological records.

**Request 30 - Background information request**

- **Request 30:** Copy of the Driver's License of the Plaintiff.

- **Response:** Plaintiff objects as her driver's license is irrelevant to any claim or defense in the Amended Complaint, as her identity has never been in question.

   **Response Deficiencies:** Defendant is entitled to Plaintiff's Driver's License.  The Middle District of Florida stated, "[i]t should be noted, in the Court's experience, that the discovery of

background information such as name, address, telephone number, date of birth, driver's license number, and social security number is considered routine information in almost all civil discovery matters." *Gober v. City of Leesburg*, 197 F.R.D. 519, 521 (M.D. Fla. 2000).  Defendant is seeking Plaintiff's driver's license for general background.

### Request 31 – Tax Information

- **Request 31:** Any and all Income Tax returns and W-2 forms from the present time back 5 years.

- **Response:** Plaintiff objects to producing her tax returns because they are not necessary in this case. Moreover, Plaintiff objects to this request as overly broad, as she agreed to limit the timeframe to her claim of lost wages.

**Response Deficiencies:** Tax returns and W-2 forms are relevant because Plaintiff is seeking lost wages.  "Courts have found that tax returns are discoverable where a party puts the level and sources of his income at issue, such as by asserting claims for damages." *Mazariegos v. Am. Home Assurance Ins. Co., a division of Am. Glob. Inv. Grp.*, No. 4:07-CV-0107-HLM, 2008 WL 11335092, at *7 (N.D. Ga. Mar. 31, 2008) ("The decedent's tax returns, if any, are relevant to the calculation of the decedent's lost wages.").  Although Plaintiff has limited her claim for lost wages, she is still claiming lost wages prior to the commencement of her current employment. Defendant's Second Interrogatory requests the damages requested by Plaintiff, to which Plaintff responds, in part, "lost wages from business contract opportunities."  Defendant is, therefore, entitled to obtain tax information to determine whether she has, in fact, lost wages.

### CONCLUSION

Based on the above, Defendant requests that the Court: (1) overrule Plaintiff's objections to the Interrogatories and Request for Production and require better responses; (2) compel Plaintiff

to provide better responses to each request agreed to when meeting and conferring with defense counsel; (3) compel Plaintiff to produce responsive documents to Defendant's Request for Production; and (4) award Defendant its reasonable expenses and attorney's fees incurred in bringing this motion; and (5) grant such other relief as the Court deems just and proper.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via Electronic Mail, to all counsel of record listed on the attached Service List, this 6th day of April, 2026.

## CERTIFICATE OF CONFERRAL

Pursuant to Local Rule 7.1(a)(2), Counsel for the movant, SIG 9, certifies that undersigned counsel has conferred with Counsel for Plaintiff in a good faith effort to resolve the issues raised in the Motion, via teleconference and email, and was unable to reach an agreement as to the above matters.

**LUKS, SANTANIELLO, PETRILLO, COHEN & PETERFRIEND**
*Attorneys for Defendant*
150 W. Flagler Street
Suite 2600
Miami, FL 33130
Telephone:  (305) 377-8900
Facsimile:  (305) 377-8901


By:___*/s/ Aaron Finesilver*_____
    Aaron S. Finesilver
    Florida Bar No. 577022
    Michelle K. Arcia
    Florida Bar No. 1039348
    LUKSMIA-Pleadings@LS-Law.com

## <u>SERVICE LIST</u>

I hereby certify that on April 6, 2026, a copy of the foregoing was filed electronically via the

Court's CM/ECF system. I also certify that the foregoing document is being served this day on all

counsel of record via transmission of Notice of Electronic Filing generated by CM/ECF.

By:     */s/ Aaron Finesilver*
     Aaron S. Finesilver