**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:25-cv-22162-BB

DEMOREE HADLEY,

     Plaintiff,

v.

DESIREE PEREZ, *et al.*,

     Defendants.

_____ /

## <u>ORDER</u>

**THIS CAUSE** is before the Court on Plaintiff's Motion to Quash Subpoena, (ECF No. 345).[1] The undersigned convened a hearing on the Motion on April 2, 2026. *See* (ECF No. 351). At the hearing, the undersigned further heard argument on several discovery disputes noticed for hearing by Defendant. Based upon the Parties' briefing and the argument advanced in open court, and as set forth below, Plaintiff's Motion to Quash was **GRANTED**; Defendant's *Ore Tenus* Motion to Continue Plaintiff's Deposition was **DENIED**, without prejudice; and Plaintiff's objections to Defendant's issuance of non-party subpoenas were **OVERRULED**, in open court. This Order memorializes but does not alter the rulings made at the hearing.

## I.  DISCUSSION

### A.  Plaintiff's Motion to Quash

Defendant noticed intent to serve a subpoena upon Baptist Health to obtain Plaintiff's medical records. When pressed for an explanation of the relevance of the documents sought, counsel

---

[1] This case has been referred to the undersigned by the Honorable Beth Bloom, United States District Judge, to decide all discovery matters pursuant to 28 U.S.C. § 636(c)(1) and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida.  (ECF No. 72).

1

conceded ultimately that the medical records might serve to impeach Plaintiff's denials of physical harm. Plaintiff objects to the subpoena request on the grounds that the request is overbroad as to time scope and overbroad in substance. While the scope of relevant discovery has been held to include Plaintiff's mental health and certain specific medical records, Plaintiff's counsel proffered that he had reviewed Plaintiff's records from Baptist Health and none relate to mental health.

Defendant was unable to substantiate her assertion of need for the documents captured by the subpoena request so as to demonstrate the request's proportionality. While Defendant denies that her discovery requests to Baptist Health constitute a fishing expedition, her Response to the Motion to Quash travels on the hypothetical; her argument is that she "cannot know what Baptist Health records are or are not related [to] without reviewing them." (ECF No. 349 at 3). Defendant's alternative concern, that an appropriately narrowed request to Baptist Health would frustrate a records clerk's ability to identify responsive documents, is adequately addressed by her ability to direct the request to Plaintiff herself to produce responsive documents (if any).

### B.        Defendant's *Ore Tenus* Motion to Continue Plaintiff's Deposition

Plaintiff was deposed on March 31, 2026; the deposition ran approximately six hours. Multiple Defendants noticed the deposition, but only counsel for Perez conducted any questioning. Defendants now seek to depose Plaintiff in excess of Federal Rule of Civil Procedure 30(d)'s seven-hour default limit. *See* Fed. R. Civ. P. 30(d)(1). The Parties agree that some extension of Plaintiff's deposition is necessary, but they are unable to agree on parameters.

As noted (and reiterated) at the hearing, before the undersigned will order a witness to sit for deposition in excess of seven hours, I will—at a minimum—review the transcript of the deposition that precedes the request. Defendants did not provide a copy of the transcript for the hearing but generally predicate their request for multiple-day sittings by Plaintiff on the number of Defendants and claims (or counterclaims) in the case. Notwithstanding the separate defendants, some of

Plaintiff's testimony would inevitably be equally relevant to all. For example, counsel for Perez proffered that almost the entire six-hour deposition was spent on topics relating to Plaintiff's background and employment.[2] As such, Defendant's *Ore Tenus* Motion to Continue Plaintiff's Deposition was **DENIED**, without prejudice to Defendants to renew their request if efforts at resolving the Parties' dispute via conferral prove unsuccessful.

### C. Plaintiff's Objections to Subpoenas to Jackson Memorial and Erika Martinez, Psy.D.

Defendant served records subpoenas upon Jackson Memorial Hospital and Dr. Erika Martinez, a psychologist whom Plaintiff saw for approximately one year, seeking Plaintiff's mental health treatment records. Plaintiff objects to the subpoena requests on the grounds that each seeks information from approximately six years before Plaintiff was Baker Acted, and that such information is irrelevant to the instant case. At the hearing, Plaintiff narrowed her argument to object only to the production of documents predating 2018. Plaintiff's objections were accordingly sustained, in part; the subpoenas may issue, but the subpoena recipients should produce, subject to any objections they might themselves lodge, responsive records from 2018 through the present.

\* \* \*

Defendant noticed an additional discovery dispute relating to Defendant's attempts to re-issue subpoenas to non-party Walgreen Co. At the hearing, the Parties represented that they had reached an agreement with respect to the re-issued subpoena.

**DONE AND ORDERED** in open court at Miami, Florida, this 2nd day of April, 2026.

_____
LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE

---

[2] Counsel walked this estimate back in response to my reaction that in a vacuum, and without the transcript to see what was actually asked or answered, this did not sound like an efficient use of time.