**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

**CASE No.   25-cv-22162-BLOOM/LOUIS
Consolidated Case No.   25-cv-21607-BB**

DEMOREE HADLEY,

Plaintiff,
v.
DESIREE PEREZ, et al.,

Defendants.
_____/

DESIREE PEREZ, OLGA ZAYAS,
MILADYS GARCIA GONZALEZ, and
DENISE MILAGROS GONZALEZ
ESCRIBANO,

Plaintiffs,
v.

JAVON HADLEY,

Defendant.
_____/

**CONSOLIDATED PLAINTIFFS'
MOTION TO SEAL DEPOSITION TRANSCRIPT**

Consolidated Plaintiffs Miladys Garcia Gonzalez, Denise Milagros Gonzalez

Escribano, Olga Zayas, and Desiree Perez ("Ms. Perez") (collectively, the

"Consolidated Plaintiffs") respectfully move, pursuant to S.D. Fla. L.R. 5.4 and

Federal Rule of Civil Procedure 5.2, for an order sealing in full the deposition

1

transcript of Plaintiff Demoree Mia Hadley taken on March 31, 2026 (the "Transcript").[1]

The Transcript is saturated with categories of exceptionally sensitive, non-public information and allegations, including about parties, non-parties, and potential witnesses, all of which is interwoven inseparably across colloquy and exhibits, including sexual-assault-related content and victim-identifying material; unadjudicated criminal allegations directed at or involving non-parties; immigration-status references; third-party medical and counseling information protected by the Court's Agreed Qualified Protective Order under HIPAA; and widely dispersed personal identifiers and contact information that compound jigsaw-identification risks throughout the record and risk disclosures that could ruin the reputations and livelihoods of the identified or readily identifiable persons.[2]

If publicly disseminated, these disclosures pose concrete risks of harassment, doxing, witness intimidation, and jury-pool taint—risks the Court has already found to be real, recognizing that related social-media activity has garnered thousands of

---

[1] Consolidated Plaintiffs file this motion in compliance with Magistrate Judge Lauren Fleischer Louis' directive to file the deposition transcript on the docket and intend to comply with that order; however, pursuant to the required procedures of this Court, they must first move to seal the transcript before doing so. *See* ECF No. 362 (paperless order regarding filing of transcript).

[2] *See, e.g.*, *Hadley Dep. Tr.* at 254:17–255:4 (questioning concerning an allegation that a non-party was raped as a child), 108:10–18 (deponent referring to named "undocumented employees" and describing a non-party's cognitive condition), 109:1–6 (stating that named non-party were "undocumented" and paid in cash), 108:16–18 (disclosing a non-party medical diagnosis), 127:7–14 (same), 81:9–10 (disclosing non-parties' HIV status), 81:11–12 (same).

views and even "millions of interactions." *See* ECF No. 112 at 5; ECF No. 209 at 17–18, 59–60.

Consistent with S.D. Fla. L.R. 5.4(a), this motion is filed publicly. The Transcript has been submitted to Magistrate Judge Lauren Fleischer Louis' chambers via email under seal for in camera review to permit adjudication without disclosing the very information at issue. S.D. Fla. L.R. 5.4(a).

## I.   LEGAL STANDARD

Judicial records are presumptively open, but the presumption is rebuttable upon a showing of good cause that disclosure would cause a clearly defined and serious injury, assessed by balancing the asserted right of access against countervailing interests in confidentiality. *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1245–46 (11th Cir. 2007); *Chi. Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311–13 (11th Cir. 2001). Relevant factors include whether disclosure would impair court functions or harm legitimate privacy interests, the degree and likelihood of injury if made public, whether the information involves non-parties, and whether any alternative would effectively protect the interests at stake. *Romero*, 480 F.3d at 1246. This District's Local Rule 5.4(a) codifies the baseline of public filings while authorizing sealing upon a particularized showing. S.D. Fla. L.R. 5.4(a).

## II.   ARGUMENT

### A.   Sexual-Assault-Related   Content   and   Victim-Identifying Information Warrant Sealing

Courts in this Circuit and this District protect filings containing sexual-assault-related material and victim-identifying information because the privacy and safety interests are compelling and disclosure would not meaningfully advance public understanding of the issues. *See Rossbach v. Rundle*, 128 F. Supp. 2d 1348, 1353 (S.D. Fla. 2000) ("The assertions contained in the request for admissions are of a highly personal and inflammatory nature. Given the press coverage of this case, if these allegations were made public, non-parties to this action, who are not themselves public figures, would likely be subjected to unwanted and uninvited publicity and notoriety. Under these circumstances, the Court finds that protecting the privacy of the individuals named in the requests and shielding them from potentially embarrassing publicity warrant maintaining the SAO's motion and Plaintiff's response, along with their attached exhibits, under seal at this time."); *McKenzie v. U.S. Tennis Ass'n Inc.*, No. 6:22-cv-615, 2023 WL 7135319, at *2 (M.D. Fla. Oct. 30, 2023) (granting whole-document sealing of exhibits to protect a sexual-assault victim's identity); *Doe ex rel. Doe v. Costa Cruise Lines N.V.*, No. 05-22924-CIV, 2006 WL 8432474, at *1 (S.D. Fla. May 26, 2006) (permitting minor sexual-assault victim to proceed anonymously to prevent stigma and further harm); *Cardona v. Dixon*, No. 21-22488-CIV, 2022 WL 17831664, at *10 n.2 (S.D. Fla. Dec. 21, 2022) (noting Florida's confidentiality for sexual-offense victims and ordering unredacted materials filed under seal).

The Transcript includes questions, denials, and colloquy referencing sexual-assault topics, including at least one allegation involving a non-party's alleged assault as a minor and how that assault allegedly affected their sexual orientation. *See Hadley Dep. Tr*. at 254:17–255:4. Especially given the Court's prior findings of online amplification, these disclosures would predictably expose a non-party and possible witness to stigma and harassment further supporting sealing. *See* ECF No. 112 at 5; ECF No. 209 at 17–18.

### B.   Immigration-status References Present Unique Privacy and Safety Risks That Justify Sealing

References to actual or alleged immigration status can trigger stigma, harassment, and collateral risks that outweigh any marginal public benefit from disclosure. *See, e.g.*, *A.B. v. U.S. Dep't of Homeland Sec.*, No.  23-cv-23554, 2023 WL 6160838, at *1–3 (S.D. Fla. Sept. 20, 2023) (Bloom, J.) (granting pseudonym/sealing relief in immigration context given sensitive status and compelling privacy interests). The Transcript refers directly to the alleged immigration statuses of named persons whose identities are otherwise easily discernable based on other testimony in the Transcript. *See, e.g.*, *Hadley Dep. Tr*. at 108:10–18, 109:1–6. Publicizing immigration-status assertions would invite precisely the harms the Eleventh Circuit's balancing disfavors. *See* ECF No. 112 at 5; ECF No. 209 at 17–18.

### C.   Sexual Orientation is Information of "Utmost Intimacy," and Forced Disclosure Warrants Sealing

Compelled disclosure of a person's actual or alleged sexual orientation invades a core realm of privacy that Eleventh Circuit jurisprudence recognizes as "information of the utmost intimacy," alongside matters such as birth control,

abortion, and personal religious beliefs. *See Plaintiff B v. Francis*, 631 F.3d 1310, 1316–17 (11th Cir. 2011). The Transcript contains express sexual-orientation disclosures and related insinuations about a non-party and possible witness at trial. *See Hadley Dep. Tr.* at 255:7–12, 254:17–255:4, 255:10–13. Sealing is justified especially when, as here, disclosure would risk stigma, harassment, and discrimination to non-party witnesses. *See A.B.*, 2023 WL 6160838, at *2 (Bloom, J.) (recognizing sexual orientation among matters of "utmost intimacy"); *Gay-Straight All. of Okeechobee High Sch. v. Sch. Bd. of Okeechobee Cnty.*, 242 F.R.D. 644, 647–49 (S.D. Fla. 2007) (barring discovery into non-party students' sexual orientation as unduly intrusive and unnecessary).

### D. Third-Party Medical Conditions and Substance-use and Rehabilitation Allegations Warrant Sealing under 42 C.F.R. Part 2, HIPAA, and In-circuit Precedent

The Transcript reflects substance-use/rehabilitation-related information concerning a non-party. *See Hadley Dep. Tr.* at 249:1–3. Federal law strictly protects the confidentiality of substance-use disorder records. *See* 42 C.F.R. § 290dd-2(a) (confidentiality of patient identity, diagnosis, prognosis, or treatment records for federally assisted substance-use programs); 42 U.S.C. § 290dd-2(b)(2)(C) (court order requires "good cause" balancing of public interest against injury to patient, physician-patient relationship, and treatment services); 42 C.F.R. pt. 2 (implementing regulations). The Eleventh Circuit confirms that substance-abuse treatment records are confidential and may be obtained only through strict statutory procedures. *See United States v. Markovich*, 95 F.4th 1367, 1372 (11th Cir. 2024) (recognizing confidentiality of § 290dd-2 records and stringent access procedures).

HIPAA's litigation-disclosure rule operates alongside this regime, requiring a qualified protective order that restricts use of PHI to the litigation and mandates return or destruction at its conclusion. *See* 45 C.F.R. § 164.512(e)(1). Southern District decisions also seal filings to protect non-party privacy when sensitive personal information, including allegations of substance use, would invite embarrassment and misuse. *See Rossbach*, 128 F. Supp. 2d at 1352 (sealing discovery containing allegations that non-party personnel "have drinking problems" due to risk of unwanted notoriety). These authorities, coupled with the likelihood that the referenced non-party may be a witness, independently warrant sealing to prevent harm, witness intimidation or chilling effects, and distortion of the fact-finding process in this high-visibility case. *See* ECF No. 112 at 5; ECF No. 209 at 17–18.

In addition, the Transcript contains numerous medical diagnoses of non-parties and related allegations protected by HIPPA. *Supra* note 2.

### E. Unadjudicated Criminal Accusations About Non-parties Require Sealing to Prevent Severe Reputational and Safety Harms

The Transcript contains line-specific passages alleging or implying criminal conduct by non-parties and other individuals. *See supra* note 2; *Hadley Dep. Tr.* at 81:7 (allegation that a non-party was stealing), 110:13 (same), 253:23 (counsel inquiring about alleged theft by a non-party). Public dissemination of such unadjudicated accusations risks severe reputational harm, online harassment, and doxing of the individuals implicated, and, given the Court's prior findings regarding jury-pool taint and the risk of inciting harm, materially threatens the integrity of these proceedings. See ECF No. 112 at 5; ECF No. 209 at 17–18; *Rossbach v. Rundle*,

128 F. Supp. 2d 1348, 1352 (S.D. Fla. 2000) (sealing allegations about non-parties in high-profile case to prevent "unwanted and uninvited notoriety").

### F.    Protecting the Integrity of These Proceedings and the Participation of Prospective Witnesses Independently Warrants Sealing

Many non-parties discussed in the Transcript are likely to be trial witnesses or otherwise involved in evidentiary proceedings. Public disclosure of their sensitive personal information would impair court functions, chill cooperation, and create material risks of intimidation, harassment, or manipulation that undermine the fairness of adjudication. *See Romero,* 480 F.3d at 1246. In high-profile matters, "even witnesses who are not expressly named … would be quickly and broadly identified over social media," exposing them to harassment and intimidation that obstructs justice. *In re Sealed Search Warrant*, 622 F. Supp. 3d 1257, 1263–64 (S.D. Fla. 2022). Those dynamics are magnified here by the Court's findings regarding the online reach of case-related content. *See* ECF No. 112 at 5; ECF No. 209 at 17–18. Sealing is therefore necessary not merely to protect personal privacy but to preserve the integrity of the fact-finding process, prevent undue influence on witnesses, and safeguard the jury pool from prejudicial publicity.

### G.    The Court's HIPAA Protective Order Confirms Good Cause to Seal Medical and Counseling Content Embedded Throughout the Transcript

This Court's Agreed Qualified Protective Order under HIPAA authorizes the confidential handling of Protected Health Information (PHI) in this litigation and contemplates case-specific sealing determinations when PHI is filed. *See* ECF No. 247 (Agreed Qualified Protective Order). The Transcript is saturated with information

about Ms. Hadley that is directly protected by the Court's Agreed Qualified Protective Order. *See, e.g.*, *Hadley Dep. Tr.* 5:23–6:2 (discussing a mental-health progress note), 186:6–12 (discussing counseling session details), 215:1–23 (describing mental-health diagnosis and treatment), 228:1–12 (referencing therapy records and progress notes), 229:1–4 (discussing counseling records maintained by a provider), 230:6–16 (addressing treatment plan and related care), 261:1–5 (referencing emotional-support credentials linked to mental-health needs), 263:1–17 (summarizing diagnoses and session information reflected in progress notes).

**H.     Private and Protected Information and Rule 5.2 Identifiers are Pervasive and Interwoven Such That Full Sealing is the Only Adequate and Narrowly Tailored Remedy**

Although Rule 5.2 requires redaction of certain identifiers in public filings, the identifiers here—full dates of birth, home addresses, personal emails—are dispersed across numerous pages and interlaced with other sensitive material, creating serious jigsaw-identification risks if any version of the Transcript were publicly filed. *See, e.g.*, *Hadley Dep. Tr.* 9:16–18 (date of birth), 11:22–23 (full home address), 16:14, 16:21, 17:10–21 (personal email addresses). Courts in this District have recognized that where redactions would be so extensive as to render a record incomprehensible or would not meaningfully protect the interests at stake, sealing the entire document is appropriate. *See Steinger v. Ent. Cap., Inc.*, 626 F. Supp. 2d 1237, 1256 (S.D. Fla. 2009) ("the redactions would be so heavy as to make the released versions incomprehensible and unintelligible"). Given the Transcript's interwoven disclosures and the documented risk of rapid online amplification and misuse in this case, full sealing is both narrowly tailored and necessary to prevent concrete harms to

non-parties, witnesses, and the integrity of these proceedings. *See* ECF No. 112 at 5; ECF No. 209 at 17–18; *Romero*, 480 F.3d at 1246.

### III.  CONCLUSION

Consolidated Plaintiffs respectfully request an order sealing the Transcript in full.

DATED: April 15, 2026

<div style="margin-left:40%">

Respectfully submitted,

REED SMITH LLP
200 S. Biscayne Blvd.,
Suite 2600
Miami, FL 33131
Tel: (786) 747-0200
Fax: (786) 747-0299

*By*: *s/Lara T. Gatz*
Lara T. Gatz
Florida Bar No.: 1055385
lgatz@reedsmith.com
Daniel A. Sox
dsox@reedsmith.com

*Counsel for Consolidated Plaintiffs Olga Zayas, Miladys Garcia Gonzalez, and Denise Milagros Gonzalez Escribano*

HOLLAND & KNIGHT LLP
701 Brickell Avenue
Suite 3300
Miami, FL 33131
Tel: (305) 374-8500
Fax: (305) 789-7799

*By*: *Barbara A. Martinez*
Wifredo A. Ferrer
Florida Bar No.: 0887005
wifredo.ferrer@hklaw.com
Barbara A. Martinez
Florida Bar No.: 1031810

</div>

barbara.martinez@hklaw.com
Cary O. Aronovitz
Florida Bar No.: 86425
cary.aronovitz@hklaw.com

*Counsel for Desiree Perez as a Consolidated Plaintiff*

## CERTIFICATE OF GOOD FAITH CONFERRAL

I HEREBY CERTIFY that, consistent with Southern District of Florida Local Rule 7.1(a)(2), undersigned counsel conferred with counsel for Demoree Hadley in a good faith effort to resolve the issues raised in this Motion. Ms. Perez's counsel requested that Consolidated Plaintiff's include the following in the Certificate of Good Faith Conferral: "Plaintiff's counsel has not had an opportunity to review Plaintiff's entire deposition transcript or the cases cited by the Defendant.  However, based on counsel's limited review of the transcript and case citations. Plaintiff does not believe that her entire deposition should be filed under seal.  Plaintiff believes that redaction is more appropriate.  Plaintiff respectfully requests an opportunity to respond to Defendant's motion."

*/s/ Lara T. Gatz*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 15, 2026, a true and correct copy of the foregoing was filed via the Court's CM/ECF system, which will send electronic notification to all counsel of record.

*/s/ Lara T. Gatz*

11