**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CIVIL DIVISION**

Case No.  1:25-cv-22162-BB

DEMOREE HADLEY,

     Plaintiff,

v.

DESIREE PEREZ, ROC NATION, ICONIC
CREATIVE, LLC DANIEL BOBER, NATALIE
ANDERSON, SIG 9, LLC, JAMES FONDO,
STEVEN CADY, JESSICA CADY, SOUTH
BROWARD HOSPITAL DISTRICT, ODYSSEY
BEHAVIORAL HEALTHCARE, LIFESKILLS
SOUTH FLORIDA OUTPATIENT, LLC,
BROWARD COUNTY SHERIFF'S OFFICE,
JORDAN DENIS, JOSEPH REYES, RACHEL
BERSTEIN, CTS RESEARCH, INC.,

     Defendants.

_____/

## DEFENDANTS EXPEDITED MOTION FOR PROTECTIVE ORDER AS TO SIG 9 DEFENDANT DEPOSITIONS, OR IN THE ALTERNATIVE, MOTION TO STAY DEPOSITONS JAMES FONDO, STEVEN CADY, AND JESSICA CADY UNITL PLAINTIFF COMPLIES WITH DISCOVERY

Defendant, SIG 9, LLC, James Fondo, Steven Cady, and Jessica Cady (collectively, "Defendant" or "SIG 9"), by and through its undersigned counsel and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Local Rule 26.1(g)(3) of the United States District Court for the Southern District of Florida, moves for entry of a Protective Order precluding the depositions of Defendant's representatives at this time, and states:

## INTRODUCTION

Plaintiff seeks to proceed with depositions of James Fondo, Steven Cady, and Jessica Cady despite failing to provide critical discovery and before completion of Plaintiff's own deposition.

Allowing such depositions to proceed under these circumstances would result in undue prejudice, harassment, gamesmanship, and inefficiency.

Accordingly, Defendants, therefore, seek a protective order temporarily precluding their depositions until Plaintiff complies with discovery obligations.

## **FACTUAL BACKGROUND**

1. Defendant has served written discovery requests on Plaintiff seeking documents and information directly relevant to Plaintiff's claims and alleged damages.

2. SIG 9 served its First Set of Interrogatories to Plaintiff pursuant to Federal Rule of Civil Procedure 36. Plaintiff served responses and objections on February 20, 2026.

3. SIG 9 also filed a Request for Production to the Plaintiff. Plaintiff served responses and objections on March 2, 2026.

4. A majority of Plaintiff's responses are deficient because they contain boilerplate objections, incomplete answers, and evasive responses that fail to provide the information requested.

5. Plaintiff and defense counsel met and conferred on Plaintiff's objections to both Defendant's interrogatories and requests for production. As a result of discussing the objections, Plaintiff agreed to amend his responses to the following requests and produce documents:

- **Request for Production: 25, 28, 33[1], 48, 52**

- **Interrogatory: 1, 14, 15, 20, 21, 22**

6. There were also several requests where Plaintiff's counsel stated that he would speak with his client about providing better responses. However, Plaintiff's counsel failed to

---

[1] Parties agreed that Plaintiff would respond to the modified request for "All communications with any individuals regarding the events alleged in the Amended Complaint referring to the Marina Baker Act."

provide Defendant with any subsequent update on whether his client agreed to produce the previously objected to documents or provide the requested information.

7.     Despite agreeing to respond to certain objections, Plaintiff failed to timely update her responses to reflect counsel's agreement or provide any documents.

8.     Furthermore, Plaintiff's responses to Defendant's request for production promised to provide responsive documentation within 14 days.  Over a month has passed since Plaintiff served his production response and he has not produced **_any_** documents.

9.     Furthermore, Plaintiff's deposition has commenced; however, the deposition has not yet been concluded.  Defendants' counsel has not had the opportunity to question Plaintiff about her claims against them.

10.    Notwithstanding the foregoing, Plaintiff has noticed and/or intends to proceed with depositions of the Sig 9 Defendants.

## LEGAL STANDARD

11.    Under Rule 26(c) of the Federal Rules of Civil Procedure, the Court may, for good cause, issue an order to protect a party or person from annoyance, oppression, or undue burden or expense, including forbidding or limiting discovery.

## ARGUMENT

12.    Good cause exists to preclude the depositions of Defendant's representatives at this time.

13.    Plaintiff should not be permitted to "leapfrog" its discovery obligations and proceed with depositions while withholding information necessary for Defendant to prepare its witnesses.

14.    Proceeding with Defendant's depositions before completion of Plaintiff's deposition and production of documents would create unfair prejudice to Defendant, result in

inefficient piecemeal discovery, and likely necessitate re-depositions, increasing costs for all parties.

15.     Courts recognize that sequencing discovery to allow a party to obtain essential information before producing witnesses is appropriate and consistent with Rule 26, Fed. R. Civ. P.

16.     Courts routinely recognize that discovery should proceed in a fair and logical sequence, particularly where one party seeks to take depositions before producing core information. *See ADT Security Services, Inc. v. Alarm Company, LLC*, No. 05-2779, 2006 WL 8435889, at *2 (W.D. Ten. 2012) (granting protective order where discovery sequencing would prejudice the responding party and noting the Court's broad distinction to control the timing and sequence of discovery).  Spcifcinally, *ADT Security Services, Inc.* court opined:

> Here, the court agrees that ADT will be unable to adequately prepare for the depositions without the benefit of the defendants' discovery responses. Therefore, in the interests of justice, the depositions will be quashed until after the defendants have responded to ADT's written discovery. ADT's inability to prepare for the depositions also establishes "good cause" for the court to enter a protective order to stay the depositions.

*Id.*

17.     Similarly, courts have held that a party is entitled to obtain necessary discovery before being required to produce its own witnesses for deposition. *See Dyer v. Unified School District No. 500*, No. 12-2081, 2012 WL 13104760, at *7 (D. Kan. 2012) (recognizing that fairness may require postponing depositions where a party has not yet received essential discovery needed to prepare).  In *Dyer*, the court concluded "that plaintiff should be granted time to review the documents ordered to be produced by defendants before submitting to a deposition." *Id.*

18.     In *Nutramax Laboratories, Inc. v. Twin Laboratories Inc*., the court acknowledged that "counsel frequently postpone, as was done in this case, deposition discovery until document production has taken place pursuant to Fed. R. Civ. P. 34," recognizing the importance of documents in conducting effective deposition discovery. *Nutramax Laboratories, Inc. v. Twin Laboratories Inc*., 183 F.R.D. 458 (1998). The court noted that documents "can be of enormous importance in questioning witnesses about events which may have occurred years earlier." *Id*.

19.     Permitting deposition to proceed permits deposition by ambush because Plaintiff would be able to use responsive, but unproduced documents to surprise Defendants during their deposition. Federal courts have long recognized that depositions are not meant to be ambushes, reflecting a fundamental principle that modern discovery practices should facilitate open and even-handed development of relevant facts rather than tactical surprise. *Se-Kure Controls, Inc. v. Vanguard Prods. Grp., Inc.*, No. 02 C 3767, 2007 WL 781250, at *1 (N.D. Ill. Mar. 12, 2007) (holding that "[b]y requiring disclosure of the identity of those who may have relevant information and the disclosure of relevant documents, the Federal Rules of Civil Procedure seek to avoid the surprise and secrecy that are antithetical to the informed determination of cases of their merits.").

20.     Plaintiff's failure to produce responsive documents deprives Defendants of the ability to fully understand the scope of Plaintiff's claims and prepare adequately for deposition.

21.     Similarly, because Plaintiff's deposition has not been completed, Defendant has not had a fair opportunity to explore Plaintiff's factual allegations, clarify key issues, and identify the proper scope of testimony for Defendant's witnesses.

22.     Allowing Defendant's depositions to proceed under these circumstances would result in inefficiency, increased costs, and the likely need for re-depositions.

23.     Accordingly, a protective order is necessary to ensure that discovery proceeds in an orderly, fair, and efficient manner.

WHEREFORE, Defendants respectfully requests that this Court enter an Order:

A.     Precluding Plaintiff from taking the depositions of SIG 9, LLC, James Fondo, Steven Cady, and Jessica Cady until Plaintiff has fully met her discovery obligations.

B.     Quashing and/or staying any currently noticed depositions of James Fondo, Steven Cady, and Jessica Cady.

C.     Ordering that such depositions may proceed only after:

1.  Plaintiff has fully complied with all outstanding discovery obligations; and

2.  Plaintiff's deposition has been completed;

D.     Granting such other and further relief as the Court deems just and proper.


**CERTIFICATE OF CONFERRAL**

Pursuant to Local Rule 7.1(a)(2), Counsel for the movant, SIG 9, certifies that undersigned counsel has attempted to confer with Counsel for Plaintiff in a good faith effort to resolve the issues raised in the Motion, via email, and was unable to reach an agreement as to the above matters.

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via Electronic Mail, to all counsel of record listed on the attached Service List, this 16 day of April, 2026.

**LUKS, SANTANIELLO, PETRILLO,**
**COHEN & PETERFRIEND**
*Attorneys for Defendant*
150 W. Flagler Street, Suite 2600

Miami, FL 33130
Telephone:  (305) 377-8900
Facsimile:  (305) 377-8901


By:_____/s/ *Aaron Finesilver, Esq.*_____
     Aaron S. Finesilver
     Florida Bar No.  577022
     Michelle K. Arcia
     Florida Bar No. 1039348
     LUKSMIA-Pleadings@LS-Law.com