**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 25-cv-22162-BLOOM/Louis**

DEMOREE HADLEY,

Plaintiff,

v.

DESIREE PEREZ, ROC NATION, ICONIC CREATIVE, LLC, DANIEL BOBER, NATALIE ANDERSON, SIG 9, LLC, JAMES FONDO, STEVEN CADY, JESSICA CADY, SOUTH BROWARD HOSPITAL DISTRICT, ODYSSEY BEHAVIORAL HEALTHCARE, LIFE SKILLS SOUTH FLORIDA OUTPATIENT, LLC, BROWARD COUNTY SHERIFF'S OFFICE, JOHN DOE, #1, JOHN DOE, #2, and RACHEL BERNSTEIN,

Defendants.
_____________________________________/

**OMINBUS ORDER ON OBJECTIONS AND APPEAL OF THE MAGISTRATE JUDGE'S ORDER AND MOTION TO EXTEND CASE DEADLINES**

**THIS CAUSE** is before the Court upon Plaintiff Demoree Hadley's ("Hadley") Objections to and Appeal of the Magistrate Judge's August 14, 2026 Order on Plaintiff's Motion to Compel ESI, ECF No. [529], and Hadley's Renewed and Expedited Motion to Extend Case Management Deadlines, ECF No. [530]. Defendant Desiree Perez ("Perez") filed a Response in Opposition ("Response"), ECF No. [532]. The Court has reviewed the Motions, the supporting and opposing submissions, the record, and is otherwise fully advised. For the reasons that follow, the Motions are denied.

## I. BACKGROUND

On July 23, 2026, Hadley filed a Motion to Compel seeking an order requiring Perez to place her June 26, 2026, discovery production on an external hard drive. ECF No. [484]. Hadley argued the production, which was provided via ShareFile, was not accessible. *Id.* at 1-2. In response to the Motion to Compel, Perez explained that her counsel offered Hadley's counsel a

live tutorial with a vendor to assist. ECF No. [490] at 4. On August 14, 2026, Magistrate Judge Lauren Fleischer Louis issued an order denying Hadley's Motion to Compel as moot. ECF No. [518]. Judge Louis denied the motion as moot because:

> Ultimately, the Court does not have to determine whether Defendant failed to produce the documents in a usable format because the Parties mooted the dispute by agreement (albeit only after it was fully briefed and argued). Defendant has withdrawn her objection to serving the June 22 production upon Plaintiff's counsel in a hard drive. After a brief recess in which defense counsel contacted Defendant's e-discovery vendor, the Parties agreed that Defendant would serve the June 22 production upon Plaintiff, on an encrypted hard drive, on or before Tuesday, August 18, 2026.

*Id*. at 3. On August 28, 2026, Hadley filed an appeal of Judge Louis' Order. ECF No. [529]. Hadley does not appeal Judge's Louis' Order that Perez must serve the production on an encrypted hard drive but instead seeks to correct:

> 1. The finding at page 2 that "[w]hy he resisted participating in such a meeting is unexplained."
>
> 2. The finding at page 3 that "Plaintiff's counsel's election not to mitigate harm by meeting with Defendant's e-discovery vendor deprives the Court of the ability to determine whether the problem he encountered was capable of cure," to the extent that finding rests on the erroneous premise identified in paragraph 1.
>
> 3. The disposition denying the Motion "as moot" rather than granting it or, at a minimum, recognizing that the requested discovery was provided only after the Motion was filed, as Federal Rule of Civil Procedure 37(a)(5)(A) contemplates.

ECF No. [529]. Hadley contends that he directly answered the vendor-meeting questions when he explained that he could not meet because he would be in trial. *Id*. at 11.

On August 28, 2026, Hadley also filed a Renewed and Expedited Motion to Extend Case Management Deadlines, ECF No. [530]. In support of her Motion, she points out that on August 6, 2026, Perez produced approximately 100,000 additional documents and on August 28, 2026, Perez produced an additional 5,000 documents as well as 884 video and audio files. Hadley argues that good cause exists under Federal Rule of Civil Procedure 16(b)(4) to modify the scheduling

order. *Id*. at 7. In the alternative, Hadly requests that if the August 28, 2026 production was an intentional litigation tactic, the production should be excluded under Rule 37(c)(1). *Id*. at 10.

Perez responds that Hadley's lack of diligence defeats Rule 16 relief. ECF No. [532] at 6. Specifically, Perez points out that Hadley waited until a year after filing the instant action to file her Request for Production. As a result, Perez contends the technical issues accessing the June 26, 2026, production could have been resolved months earlier had Hadley been diligent. Perez further points out this Court has already twice extended the discovery deadlines in this case to accommodate Hadley. Perez further contends that Hadley's lack of diligence continued after receiving the production because he waited until July 10, 2026, to report his difficulty accessing the files. *Id*. Perez further argues Judge Louis' August 14, 2026 order should be affirmed under Rule 72(a) because it is neither clearly erroneous, contrary to law, or contains a legal error. *Id*. at 8.

## II. DISCUSSION

### A. Objections and Appeal of Magistrate Judge's Order

The court reviews the Magistrate Judge's non-dispositive rulings according to the "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); S.D. Fla. Magistrate Judge Rule 4(a)(1). The "clearly erroneous or contrary to law" standard of review is "extremely deferential." *Pigott v. Sanibel Dev., LLC*, No. 07-cv-0083, 2008 WL 2937804, at *5 (S.D. Ala. July 23, 2008) (quotation marks omitted). Relief is appropriate under the "clearly erroneous" prong only if the district court "finds that the Magistrate Judge abused h[er] discretion or, if after viewing the record as a whole, the Court is left with a definite and firm conviction that a mistake has been made." *Id*. (quotation marks omitted); *see also Dees v. Hyundai Motor Mfg. Ala., LLC*, 524 F. Supp. 2d 1348, 1350 (M.D. Ala. 2007) ("in the absence of a legal error, a district court may reverse only if there was an 'abuse of discretion' by the magistrate judge"). Concerning

the "contrary to law" prong, "[a]n order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id.* (quoting *S.E.C. v. Cobalt Multifamily Investors I, Inc.*, 542 F. Supp. 2d 277, 279 (S.D.N.Y. 2008)).

After reviewing the Magistrate Judge's August 14, 2026 order, the Court finds it was neither clearly erroneous or contrary to law. Hadley's central contention is that he explained to the Court why he could not meet with the vendor is that he had trial scheduled on the initial dates offered. However, the record indicates that Perez again offered a second time on July 20, 2026, to set up a call with the e-discovery vendor after Hadley's counsel's trial, but Hadley elected to seek "court intervention" instead. *See* ECF No. [484-2]. As such, it was not erroneous for Judge Louis to find that it remains unexplained why Hadley's counsel resisted meeting with the e-vendor and that short of meeting with the e-vendor, the Court was unable to determine if the problems Hadley's counsel encountered were capable of cure.

As to Judge Louis' decision to deny the Motion to Compel, ECF No. [484], as moot, Hadley cites only to Federal Rule of Civil Procedure 37(5)(a), which explains that if a Motion to Compel is granted of if the disclosure of requested discovery is provided after the motion was filed, the Court must "after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37. The cited rule has no bearing on Judge Louis' decision to deny the Motion to Compel as moot, nor does Hadley cite any case law to support her contention that Judge Louis' decision is clearly erroneous or contrary to law. As such, Hadley's Objections and Appeal, ECF No. [529] is denied.

**B. Motion to Extend Case Deadlines**

Scheduling orders may be modified only "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "This good cause standard precludes modification unless the

schedule cannot be met despite the diligence of the party seeking the extension." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (quoting Fed. R. Civ. P. 16 advisory committee's note) (quotations omitted).

In this Court's prior order granting in part and denying in part Hadley's last Motion to Extend Case Deadlines, ECF No. [486], this Court found:

> With the discovery dispute resolved, the Court turns to whether good cause exists to extend the deadlines. "If the Party seeking relief 'was not diligent, the [good cause] inquiry should end.'" *Sosa*, 133 at 1418 (11th Cir. 1998) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir.1992). As Magistrate Judge Louis points out in her order on Hadley's Motion to Compel, Hadley's Counsel never accepted Perez' Counsel's offer to meet with Perez' e-discovery vendor to determine whether the technical issues might be resolved. This is far from diligent.

ECF No. [519]. This fact has not changed. Moreover, as Perez correctly points out, Hadley waited a year after the filing of this case to submit her Request for Production and this Court has already extended the discovery schedule twice. *See* ECF Nos. [404], [466]. Hadley cannot show good cause to extend case deadlines where she was not diligent in requesting discovery in the first place. *John Morrell & Co. v. Royal Caribbean Cruises Ltd.*, 243 F.R.D. 699, 701 (S.D. Fla. 2007) ("Here, Plaintiff has not shown good cause as required by Rule 16(b). Plaintiff appears to have taken little to no discovery in the over fourteen months this case has been pending."). As such, Hadley's Motion, ECF No. [530], is denied.

## III. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff Demoree Hadley's Objections and Appeal**, ECF No. [529]** is **DENIED**.
2. Plaintiff Demoree Hadley's Motion to Extend Case Deadlines, **ECF No. [530]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 3, 2026.

_______________________________
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record