**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 25-cv-22162-BLOOM/Louis**

DEMOREE HADLEY,

Plaintiff,

v.

DESIREE PEREZ, ROC NATION, ICONIC CREATIVE, LLC, DANIEL BOBER, NATALIE ANDERSON, SIG 9, LLC, JAMES FONDO, STEVEN CADY, JESSICA CADY, SOUTH BROWARD HOSPITAL DISTRICT, ODYSSEY BEHAVIORAL HEALTHCARE, LIFE SKILLS SOUTH FLORIDA OUTPATIENT, LLC, BROWARD COUNTY SHERIFF'S OFFICE, JOHN DOE, #1, JOHN DOE, #2, and RACHEL BERNSTEIN,

Defendants.
_______________________________________________/

**ORDER ON MOTION FOR SANCTIONS AGAINST THE HADLEYS FOR VIOLATING THE SPECIAL ORDER REGARDING EXTRAJUDICIAL STATEMENTS**

**THIS CAUSE** is before the Court upon Consolidated Plaintiffs and Defendant Desiree Perez's ("Perez") Motion for Sanctions Against the Hadleys for Violating the Special Order Regarding Extrajudicial Statements, ECF No. [450]. Demoree Hadley ("Hadley") filed a Response in Opposition, ECF No. [472], and Consolidated Plaintiffs and Perez filed a Reply in Support, ECF No. [473]. The Court has reviewed the Motion, the supporting and opposing submissions, the record, and is otherwise fully advised. For the reasons that follow, the Motion is denied.

## I. DISCUSSION

On June 25, 2025, this Court entered an Order Regarding Extrajudicial Statements, in which the Court ordered the following:

> No party or counsel for the parties shall give or authorize any extrajudicial statements or interviews relating to this case that a reasonable person would expect to be disseminated by means of public communication. Parties and counsel for parties must also refrain from giving or authorizing any extrajudicial statement to a media outlet, and likewise refrain from posting on social media or other public

> platforms, extrajudicial statements related to this action that are intended to influence public opinion regarding the merits of this case.

ECF No. [112]. Consolidated Plaintiffs and Perez now allege that Hadley and Javon Hadley ("Javon") have violated the Court's Order and seek dismissal of Hadley's claims with prejudice and to strike Javon's pleadings. ECF No. [450] at 20. In the alternative, Consolidated Plaintiffs and Perez ask the Court to order Hadley and Javon to immediately deactivate their social media accounts, to issue an order to show cause why Hadley and Javon should not be held in civil contempt, and to impose escalating *per diem* coercive fines for each day of continued non-compliance. In support of their contention that Hadley and Javon violated this Court's Order, Consolidated Plaintiffs and Perez cite to various posts made by Hadley and Javon on the Social Media platform X, as well as the posts of a third-party account titled @DemoreeDocket, which Consolidated Plaintiff and Perez claim is an associate acting at the behest of Hadley.

Hadley responds that Consolidated Plaintiffs and Perez's Motion rests on contextless screenshots and argues that the Motion depends on comments written by other users to prove what Hadley "really" meant. ECF No. [472] at 8. Hadley contends she cannot be sanctioned for the third-party speech of the @DemoreeDocket account, and Consolidated Plaintiffs and Perez fail to provide any evidence that Hadley instructed @DemoreeDocket to post anything. Hadley points out that @DemoreeDocket posted online, "No one hired me, no one ever paid me or ever directed this advocacy."

Courts possess inherent power to enforce compliance with their lawful orders through civil contempt. *Citronelle–Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1301 (11th Cir. 1991) (citing *Shillitani v. United States*, 384 U.S. 364, 370 (1966)). A party seeking civil contempt bears the initial burden of proving by clear and convincing evidence that the alleged contemnor has violated an outstanding court order. *S.E.C. v. Greenberg*, 105 F. Supp. 3d 1342 (S.D. Fla. 2015)

(citing *CFTC v. Wellington Precious Metals, Inc.*, 950 F.2d 1525, 1529 (11th Cir. 1992)). A finding of civil contempt must be supported by clear and convincing evidence that: 1) the allegedly violated order was valid and lawful; 2) the order was clear and unambiguous; and 3) the alleged violator had the ability to comply with the order. *F.T.C. v. Leshin*, 618 F.3d 1221, 1232 (11th Cir. 2010) (citing *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1296 (11th Cir. 2002)).

The Court has reviewed the many social media posts embedded within Consolidated Plaintiffs and Perez's Motion. Upon review of the posts, the Court finds that neither Perez nor Javon violated this Court's Order. Turning first to the posts made directly by Hadley and Javon, none of these posts directly names parties in this case or discusses the case. Consolidated Plaintiffs and Perez rely only on the timing of the posts and what "followers" of Hadley and Javon understood the posts to mean. First, the Court points out that this case had 450 filings at the time the Motion was filed. The chances that a post on social media would coincide with the voluminous activity in this case are substantial. Moreover, each of the referenced posts in the Motion is claimed to be violations due to what *followers* understood the post to convey or how *followers* connected the posts to the case. Alleged violations of this Court's Order which require an interpretation of third-party understanding cannot be sustained. Consolidated Plaintiffs and Perez have not met their burden of establishing by clear and convincing evidence that the statements by Hadley and Javon on X were extrajudicial statements in violation of this Court's Order. Moreover, Consolidated Plaintiffs and Perez have failed to establish by clear and convincing evidence that Hadley directed any of the posts made by @DemoreeDocket. Consolidated Plaintiffs and Perez offer no evidence linking Hadley to those posts other than an assertion that Hadley and the owner of @DemoreeDocket are familiar with one another, in communication, and @DemoreeDocket hosted an X live stream, which Hadley would attend, to discuss the state court proceedings.

## II. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Consolidated Plaintiffs and Perez's Motion for Sanctions, **ECF No. [450]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 2, 2026.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record