**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 25-cv-22162-BLOOM/Louis**

DEMOREE HADLEY,

Plaintiff,

v.

DESIREE PEREZ, ROC NATION, ICONIC CREATIVE, LLC, DANIEL BOBER, NATALIE ANDERSON, SIG 9, LLC, JAMES FONDO, STEVEN CADY, JESSICA CADY, SOUTH BROWARD HOSPITAL DISTRICT, ODYSSEY BEHAVIORAL HEALTHCARE, LIFE SKILLS SOUTH FLORIDA OUTPATIENT, LLC, BROWARD COUNTY SHERIFF'S OFFICE, JOHN DOE, #1, JOHN DOE, #2, and RACHEL BERNSTEIN,

Defendants.
______________________________/

**ORDER ON MOTION FOR SANCTIONS**

**THIS CAUSE** is before the Court upon Defendant Desiree Perez's ("Perez") Motion for Sanctions Against Plaintiff Demoree Hadley ("Hadley") Pursuant to Federal Rule of Civil Procedure 37 ("Motion"), ECF No. [469]. Hadley did not file a Response. The Court has reviewed the Motion, the record, and is otherwise fully advised. For the reasons that follow, the Motion is granted in part and denied in part.

## I. BACKGROUND

Perez seeks sanctions against Hadley for destruction of evidence directly material to the claims and defenses. ECF No. [469] at 20. Perez requests that, pursuant to Federal Rule of Civil Procedure 37(e)(2), the Court strike the remaining claims in Hadley's Amended Complaint, or in the alternative, a jury instruction requiring an adverse inference that (1) the destroyed Electronically Stored Information ("ESI") — including the iCloud account, iPhone contents, text messages, WhatsApp messages, July 30th Video, and unproduced social media direct messages,

and destroyed, second "listening device" were relevant to Perez's defenses; and (2) that the evidence is unfavorable to Hadley's claims. *Id*.

Perez contends Hadley's intentional spoliation of evidence occurred at the time of the contemplation of her lawsuit. *Id*. at 4. First, Perez points out that in April 2024, on recorded phone calls, Javon Hadley ("Javon") openly plotted with his mother to sue Perez. *See* ECF Nos. [210-1]; [210-2]. Within a month of those calls, Hadley married Javon. ECF No. [400-10] at 11. Also in April 2024, Hadley took photographs of an alleged "listening device" and provided them to Javon's defense counsel. *See* ECF No. [400-11].

Perez asserts that on the day Hadley was released from LifeSkills, in April 2024, she wiped her iCloud account. *Id*. Hadley testified, "I went in person to Apple and I made sure that my account before this lawsuit was filed was cleared. So, I made sure everything was deleted. I made sure that Mrs. Perez could not get access to my phone illegally anymore." ECF No. [469-1] at 578.

Perez also argues Hadley intentionally destroyed the contents of iPhone, including text messages, WhatsApp, and photographs. ECF No. [469] at 6. Hadley testified that after she was released from LifeSkills, she deleted all messages from her phone. ECF No. [469-1] at 614. Hadley further testified that she deleted over 130,000 photos and videos on her phone, keeping only those of her grandfather and grandmother. *Id*. at 528. Hadley testified that she erased contents from her phone to free up storage space and turned over to her attorney whatever she thought was relevant to the case. *Id*. at 540. Hadley also "threw out" an alleged listening device without preserving or photographing it because she "had too much other evidence." ECF No. [400-11] at 140-144.

## II. LEGAL STANDARD

"Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Graff v. Baja Marine Corp.*, 310 F. App'x 298, 301 (11th Cir. 2009) (citation omitted). In a diversity action

such as this case, federal law governs the imposition of spoliation sanctions. *See Flury v. Daimler Chrysler Corp.*, 427 F.3d 939, 944 (11th Cir. 2005) ("conclud[ing] that federal law governs the imposition of sanctions for failure to preserve evidence in a diversity suit."). Although federal law governs, "the Court may look to state law for guidance to the extent that it is consistent with federal law." *Wilson v. Wal–Mart Stores, Inc.,* No. 5:07-cv-394-Oc-10GRJ, 2008 WL 4642596, at * 2 (M.D. Fla. Oct. 17, 2008) (footnote omitted).

The moving party carries the burden of proof. "To establish spoliation, the party seeking sanctions must prove several things; first, that the missing evidence existed at one time; second, that the alleged spoliator had a duty to preserve the evidence; and third, that the evidence was crucial to the movant being able to prove its prima facie case or defense." *Walter v. Carnival Corp.,* No. 09-20962-CIV, 2010 WL 2927962, at *2 (S.D. Fla. July 23, 2010) (citing *Floeter v. City of Orlando*, 6:05–cv–400–Orl–22KRS, 2007 WL 486633, at *5 (M.D. Fla. Feb. 9, 2007)). Even if all three elements are met, "[a] party's failure to preserve evidence rises to the level of sanctionable spoliation 'only where the absences of that evidence is predicated on bad faith,' such as where a party purposely loses or destroys relevant evidence." *Id.* at *2 (citing *Bashir v. Amtrak*, 119 F.3d 929, 931 (11th Cir. 1997)) (adverse inference from party's failure to preserve evidence must be predicated on bad faith). "Mere negligence" in losing or destroying records is not enough for an adverse inference, as "it does not sustain an inference of consciousness of a weak case." *Vick v. Texas Employment Comm'n*, 514 F.2d 734, 737 (5th Cir. 1975). *See also In Matter of Complaint of Bos. Boat III, L.L.C.*, 310 F.R.D. 510, 516 (S.D. Fla. 2015) (noting that "even grossly negligent conduct would not justify [an adverse inference] jury instruction when it is not accompanied by bad faith").

If direct evidence of bad faith is unavailable, the moving party may establish bad faith

through circumstantial evidence. *Id.*; *see also Atl. Sea Co. v. Anais Worldwide Shipping, Inc.*, No. 08-23079-CIV, 2010 WL 2346665, at *2 (S.D. Fla. June 9, 2010) (noting that where the movant "offer[s] no direct evidence of bad faith, ... this Court must assess the circumstantial evidence of bad faith under the standard set forth in *Calixto*."). The following constitutes circumstantial evidence of bad faith:

> (1) evidence once existed that could fairly be supposed to have been material to the proof or defense of a claim at issue in the case; (2) the spoliating party engaged in an affirmative act causing the evidence to be lost; (3) the spoliating party did so while it knew or should have known of its duty to preserve the evidence; and (4) the affirmative act causing the loss cannot be credibly explained as not involving bad faith by the reason proffered by the spoliator.

*Walter*, 2010 WL 2927962, at *2 (citing *Calixto v. Watson Bowman Acme Corp.*, No. 07-60077-CIV, 2009 WL 3823390, at *16 (S.D. Fla. Nov. 16, 2009)). The party seeking sanctions must establish all four of these factors where there is no direct evidence of bad faith. *Calixto*, 2009 WL 3823390, at *16 (stating that "in this Circuit, bad faith may be found on circumstantial evidence where all of the [aforementioned] hallmarks are present").

District courts have "broad discretion" to impose sanctions, which power "derives from the court's inherent power to manage its own affairs and to achieve the orderly and expeditious disposition of cases." *Flury*, 427 F.3d at 944. Sanctions may include "(1) dismissal of the case; (2) exclusion of expert testimony; or (3) a jury instruction on spoliation of evidence which raises a presumption against the spoliator." *Id.* at 945. Dismissal represents the most severe sanction available to a federal court, and therefore is only imposed "where there is a showing of bad faith and where lesser sanctions will not suffice." *Id.* at 944. "Because this Circuit requires a showing of bad faith before sanctioning a party when there is spoliation of evidence, courts in this Circuit must refrain from imposing sanctions when no bad faith is shown." *Bos. Boat III*, 310 F.R.D. at 516.

## III. DISCUSSION

Perez argues the spoliation standard and the requirements of Rule 37 are satisfied. ECF No. [469] at 14. Perez contends Hadley's intentional destruction has severely prejudiced Perez and she points out that Hadley destroyed one of the two listening devices subject to Counts XVII and XVIII of the Complaint. Moreover, the destroyed ESI is comprised of communications underlying the wiretap allegations.

As an initial matter, the Court finds that Defendant has demonstrated the three foundational elements to establish spoliation. *Walter*, 2010 WL 2927962, at *2. First, the messages and alleged listening device existed at one time. Hadley's testimony confirms this. Second, Hadley knew or should have known she had a duty to preserve the evidence. Indeed, Hadley testified that she went to Apple to delete her iCloud specifically before this lawsuit was filed. And third, the evidence is crucial to Perez's defense against Hadley's claims. The alleged listening device is the subject device in the wiretapping claims, and Perez's ability to investigate that device has been frustrated by Hadley's destruction.

To further merit sanctions, Perez must establish bad faith destruction of the generator by direct evidence or by circumstantial evidence. Courts in this district have interpreted "bad faith" in the spoliation context to not require a showing of malice or ill-will, but conduct evidencing more than mere negligence. *See, e.g.*, *Austrum v. Fed. Cleaning Contractors, Inc.*, 149 F. Supp. 3d 1343, 1350–51 (S.D. Fla. 2016) (noting that in the spoliation context, "bad faith" "does not require malice and is defined by weighing 'the degree of the spoliator's culpability against the prejudice to the opposing party.' Furthermore, the spoliator's degree of culpability must be more than mere negligence") (internal citation omitted).

Here, as Hadley testified, her deletion of text messages, photos, and videos, and destruction of the alleged listening device was not accidental or merely negligent. Rather, she voluntarily

deleted the ESI and intentionally threw out the alleged listening device. Hadley should have known the listening device would need to be inspected and should have known to preserve the ESI. Instead, Hadley deleted the content from her phone and turned over only what she thought was relevant. Therefore, spoliation exists, warranting sanctions.

"Factors to be considered when determining the seriousness of the sanctions to impose against a party for failure to preserve critical evidence in its custody vary according to (1) the willfulness or bad faith of the party responsible for the loss or destruction of the evidence; (2) the degree of prejudice sustained by the opposing party; and (3) what is required to cure the prejudice." *Bos. Boat III*, 310 F.R.D. at 523 (citation omitted). Defendant requests that the Court either strike the remaining claims in Hadley's Complaint, or in the alternative, instruct the Jury that the (1) destroyed ESI and alleged listening device were relevant to Perez's defenses; and (2) this evidence is unfavorable to Hadley's claims. ECF No. [469] at 20.

Upon review and consideration, the Court does not agree that the severe sanction of dismissal is appropriate. Instead, the appropriate and less punitive measure to cure Perez's prejudice is an adverse inference jury instruction. "There are different types of adverse inferences: (1) a jury may be instructed that certain facts are deemed admitted and must be accepted as true; (2) the Court may impose a mandatory, albeit rebuttable, presumption; or (3) the jury must presume that the lost evidence is relevant and favorable to the innocent party, but also consider the spoliating party's rebuttal evidence, and then decides whether to draw an adverse inference." *Schultze v. 2K Clevelander*, LLC, No. 17-CV-22684, 2018 WL 4859071, at *7 (S.D. Fla. Oct. 4, 2018).

The Court finds that the second category of adverse inference should be imposed. Under this sanction, the jury is to presume that the destroyed ESI and alleged listening device were

relevant and favorable to Perez and unfavorable to Hadley, but Hadley can rebut this presumption through her presentation of evidence. As such, Perez's Motion is granted in part and denied in part.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Desiree Perez's Motion**, ECF No. [469],** is **GRANTED in part and DENIED in part**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 12, 2026.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record